[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 1, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-12656

_____

D. C. Docket No. 04-00154-CV-CDL-4

DANIEL ANDREW SPOTTSVILLE,

Petitioner-Appellant,

versus

WILLIAM TERRY, Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(February 1, 2007)**

Before BIRCH and PRYOR, Circuit Judges, and COVINGTON,* District Judge.

---

*The Honorable Virginia M. Hernandez Covington, United States District Judge for the Middle District of Florida, sitting by designation.

PRYOR, Circuit Judge:

Daniel Spottsville, a Georgia prisoner, appeals the dismissal of his petition for a writ of habeas corpus as untimely and raises two issues: whether Spotsville's filing of papers in the wrong clerk's office to appeal the denial of his state petition for habeas relief tolled the limitations period for filing his federal petition; and, alternatively, whether Spottsville is entitled to equitable tolling for having relied on misleading instructions about filing an appeal in the order that denied his state petition. The district court concluded that Spottsville erroneously filed both of his papers to appeal the denial of his state petition with the Superior Court of Tattnell County instead of correctly filing one of these papers with the Supreme Court of Georgia. Although we agree with that conclusion, we conclude that Spottsville is entitled to equitable tolling for having been misled by the written order of the court that denied his state petition. We reverse and remand for further proceedings.

## I. BACKGROUND

Daniel Spottsville has been incarcerated since 1998 based on his convictions of child molestation and aggravated assault. The Georgia Court of Appeals affirmed Spottsville's convictions on February 4, 2003, and denied his final motion for reconsideration on March 10, 2003. Spottsville did not appeal to the Supreme Court of Georgia.

2

On August 29, 2003, proceeding pro se, Spottsville filed an application for a writ of habeas corpus in the Superior Court of Tattnell County, Georgia. On February 9, 2004, the court denied that petition and provided, in its order, the following instructions (with our emphasis added) about filing an appeal:

> If petitioner desires to appeal this Order, he must file a written application for a certificate of probable cause to appeal within thirty (30) days from the filing of this Order and also file a Notice of Appeal with the Clerk of Superior Court of Tattnell County within the same thirty (30) day period.

On March 5, 2004, fewer than 30 days later, Spottsville deposited into the prison mail system both an application for a certificate of probable cause to appeal and a notice of appeal addressed to the Tattnell County Clerk. The clerk filed Spottsville's papers on March 15, 2004, and forwarded the application for a certificate of probable cause to the Supreme Court of Georgia. On September 15, 2004, the supreme court dismissed Spottsville's application to appeal as having been erroneously filed in the habeas court instead of the supreme court.

On November 8, 2004, Spottsville filed a federal petition for habeas relief. The district court concluded that, because Spottsville's application for a certificate of probable cause to appeal had not been "properly filed" under Georgia law, Spottsville's application had not tolled the limitations period for the filing of his federal petition. The district court dismissed Spottsville's federal petition as

3

untimely. We granted Spottsville a certificate of appealability to address whether his federal petition was timely, and we appointed counsel to represent him.

## II. STANDARD OF REVIEW

We review de novo the dismissal of a habeas petition as untimely. Rainey v. Sec'y for Dep't of Corr., 443 F.3d 1323, 1326, 1330 (11th Cir. 2006).

## III. DISCUSSION

"Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner's petition for a writ of habeas corpus is governed by a one-year statute of limitations, and that year commences on the date the conviction becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review.'" Pugh v. Smith, 465 F.3d 1295, 1298 (11th Cir. 2006) (citation omitted). Spottsville's conviction became final on March 20, 2003, ten days after his motion for reconsideration was denied and the time for seeking review in the Supreme Court of Georgia expired. Although he filed his federal petition more than a year later, Spottsville argues that the limitations period for filing his federal petition was tolled, either by statute or equity, during the pendency of both his state habeas petition and his appeal of the denial of that petition. We address Spottsville's arguments about statutory and equitable tolling in turn.

*A. Spottsville's Petition Is Not Timely Based on Statutory Tolling*.

4

Under the AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Spottsville and Warden Terry agree that, after the limitations period ran for 160 days, the filing of Spottsville's state habeas petition on August 29, 2003, tolled the running of that period. Spottsville was entitled to some period of statutory tolling.

The parties disagree about when Spottsville's period of statutory tolling ended. Warden Terry argues that Spottsville's tolling period ended on March 10, 2004, because no "properly filed application for State post-conviction" relief was then pending. If the period of statutory tolling ended on March 10, 2004, then Spottsville's federal petition was untimely, unless the statute of limitations is equitably tolled. Spottsville argues that he "properly filed" an application for a certificate of probable cause to appeal and that filing tolled the limitations period until the Supreme Court of Georgia dismissed the application on September 15, 2004. If the period of statutory tolling ended on September 15, 2004, then Spottsville's federal petition was timely.

"[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361, 364 (2000). "[A]n application for a

5

certificate of probable cause and a notice of appeal are both necessary to invoke the jurisdiction [of the Supreme Court of Georgia] over an appeal from the denial of a petition for habeas corpus." Fullwood v. Sivley, 271 Ga. 248, 251, 517 S.E.2d 511, 514 (1999); see also Patterson v. Earp, 257 Ga. 729, 730, 363 S.E.2d 248, 249 (1988). An application for a certificate of probable cause must be filed in the Supreme Court of Georgia within 30 days of the adverse judgment. Ga. Code Ann. § 9-14-52. Because Spottsville sent his application for a certificate of probable cause to the wrong court, the application arrived at the Supreme Court of Georgia after the 30-day deadline.

Spottsville argues that his application for a certificate of probable cause to appeal was actually "filed" under Georgia law on the date that he put the application in the prison mail. We disagree. The Supreme Court of Georgia has held that "when a prisoner, who is proceeding pro se, appeals from a decision on his habeas corpus petition, his application for a certificate of probable cause to appeal . . . will be deemed filed on the date he delivers [it] to the prison authorities for forwarding to the clerks of this Court." Massaline v. Williams, 274 Ga. 552, 555, 554 S.E.2d 720, 722-23 (2001) (emphasis added). Spottsville did not deliver his certificate of probable cause for forwarding to the supreme court; he mailed the certificate of probable cause to the Clerk of Tattnell County who then on his own initiative

forwarded the certificate to the Clerk of the Supreme Court of Georgia.

Spottsville also argues that the Supreme Court of Georgia had jurisdiction over his appeal because the state habeas court failed, under state law, to give him instructions about the procedure for an appeal. We disagree. It is true that, under Georgia law, a state habeas court must inform a pro se petitioner of the procedure for an appeal. Hicks v. Scott, 273 Ga. 358, 359, 541 S.E.2d 27, 28 (2001). When the state habeas court has failed to inform the pro se petitioner, the Supreme Court of Georgia has exercised jurisdiction over an appeal despite the petitioner's failure to file an application for a certificate of probable cause. See Capote v. Ray, 276 Ga. 1, 2, 573 S.E.2d 25, 27 (2002); Hicks, 273 Ga. at 359, 541 S.E.2d at 28. The error in Spottsville's argument is that this issue was resolved by the Supreme Court of Georgia.

When it dismissed his appeal, the Supreme Court of Georgia expressly concluded that "the habeas court advised [Spottsville]. . . regarding the proper procedure to appeal the order." "[W]e are bound by the state court's determination that the appeal was untimely" because "a petitioner's state court habeas corpus filing is not 'properly filed' within the meaning of § 2244(d)(2) if the state court has determined that the petitioner's state court filing did not conform with the state's filing deadlines." Stafford v. Thompson, 328 F.3d 1302, 1305 (11th Cir. 2003).

7

Spottsville's period of statutory tolling, therefore, ended on March 10, 2004.

*B. Spottsville's Petition Is Timely Based on Equitable Tolling.*

Although his period of statutory tolling ended on March 10, 2004, Spottsville alternatively argues that he is entitled to equitable tolling during the pendency of his attempted appeal until its dismissal on September 15, 2004. "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001). "A determination as to whether rare and exceptional circumstances are presented requires the examination of the facts in each case," Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006), and "[t]he burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner," Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted).

Spottsville argues that he sent his application for a certificate of probable cause to the wrong court in reliance on the misleading instructions of the state habeas court. Although we have denied equitable tolling when a retained attorney misled a pro se petitioner, see Howell v. Crosby, 415 F.3d 1250, 1252 (11th Cir. 2005); Helton, 259 F.3d at 1312, we have reasoned that equitable tolling may be

8

warranted when a government official has misled a petitioner, see Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005) ("extraordinary circumstances" include "when the State's conduct prevents the petitioner from timely filing"); Knight v. Schofield, 292 F.3d 709, 712 (11th Cir. 2002) (granting equitable tolling to petitioner misled by the Clerk of the Supreme Court of Georgia); cf. Pliler v. Ford, 542 U.S. 225, 235, 124 S. Ct. 2241, 2448 (2004) (O'Connor, J., concurring) ("[I]f the petitioner is affirmatively misled, either by the court or by the State, equitable tolling might well be appropriate."). The Supreme Court of the United States has also acknowledged that procedural instructions "run the risk of being misleading." Pliler, 542 U.S. at 232, 124 S. Ct. at 2446.

The instructions of the state habeas court for filing Spottsville's appeal were misleading. The court did not instruct Spottsville to file anything with the Clerk of the Supreme Court of Georgia; the only official mentioned in those instructions was the Clerk of the Superior Court of Tattnell County. The instructions of the state habeas court affirmatively misled Spottsville to file both a notice of appeal and an application for a certificate of probable cause with the Clerk of the Superior Court of Tattnell County.

Warden Terry erroneously argues that Spottsville is an experienced pro se litigant who could have either avoided or discovered his error and still filed a

federal petition before the limitations period expired. The problem with Warden Terry's argument is that Spottsville followed the instructions of the state court to the letter by filing his papers in the only court mentioned in the order of the state court. It is unreasonable to expect a pro se litigant to second-guess or disregard an instruction in a written order of a court. The first notice to Spottsville that he had been misled by the state habeas court came when the Supreme Court of Georgia dismissed his appeal. By then, it was too late for Spottsville to cure his error. Spottsville diligently filed his federal petition fewer than two months after the dismissal of his state appeal.

"Equitable tolling . . . is 'appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" Wade, 379 F.3d at 1265 (citations omitted). Spottsville's untimely filing was not his fault. Because Spottsville relied on the misleading instructions of the Superior Court of Tattnell County, equity requires that Spottsville's limitations period be tolled during the pendency of his attempted appeal of the denial of his state habeas petition. With the addition of that period of equitable tolling, Spottsville's federal petition for habeas relief was timely.

## IV. CONCLUSION

We **REVERSE** the dismissal of Spottsville's petition and **REMAND** for further proceedings consistent with this opinion.