[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10470
Non-Argument Calendar

_____

D. C. Docket No. 05-00571-CV-KD

MILTON LE'BARRON REED,

Petitioner-Appellant,

versus

GRANT CULLIVER,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(July 25, 2007)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Milton Le'Barron Reed, an Alabama state prisoner proceeding *pro se*, appeals the district court's dismissal of his habeas corpus petition, 28 U.S.C. § 2254, as barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).

Reed's convictions became final on March 18, 2003. Eleven months and nine days later, Reed filed a Rule 32 petition in the Mobile County Circuit Court, which was denied. By memorandum opinion, the Alabama Court of Criminal Appeals affirmed, and Reed's application for rehearing was overruled. On May 4, 2005, Reed's petition for writ of *certiorari* was stricken by the Supreme Court of Alabama for failure to serve the State, and the certificate of final judgment issued on May 5, 2005.

Reed filed the instant § 2254 petition on October 5, 2005. Reed then filed a "Motion for Leave to Conduct Discovery and/or Request for Expansion of the Record" in which he argued that the State failed to include with its response (1) Reed's application for rehearing of the striking of his *certiorari* petition, and (2) the Supreme Court of Alabama's order denying his application. According to Reed, those documents show that his § 2254 petition was timely filed and that he was entitled to equitable tolling of the limitations period.

2

The magistrate judge denied Reed's motion, and in his report and recommendation, the magistrate judge recommended that Reed's petition be dismissed as time-barred, pursuant to 28 U.S.C. § 2244(d). The magistrate judge noted that Reed had as much control over the documents as did the State. According to the magistrate judge, Reed filed his § 2254 petition "some four plus months after the one-year limitations period ran." Reed objected to the magistrate judge's findings, asserting that Rule 5 of the Rules Governing Section 2254 Cases placed the burden of producing the records on the State. The district court adopted the magistrate judge's report and recommendation and dismissed Reed's petition.

We granted a certificate of appealability on the following issue only:

Whether, under the Rules Governing Section 2254 Cases, the district court should have ordered the State to produce the application for rehearing to the Alabama Supreme Court from the order striking appellant's petition for a writ of *certiorari* and the corresponding order denying the application.

On appeal, Reed argues that the district court erred by not including in the limitations period calculation the time that his application for rehearing was pending in the Alabama Supreme Court. According to Reed, his application was "properly filed" and was "pending" until the Alabama Supreme Court ruled on it. Reed argues that, under the Rules Governing Section 2254 Cases, (1) Rule 5 specifically places the obligation to produce state court records on the State and not

3

the prisoner, and (2) Rule 6 provides that the court may grant discovery requests if the petitioner demonstrates that he is entitled to relief. Reed contends that he demonstrated "good cause" because he sought to utilize the Rules in order to obtain the facts required to support his contention that his § 2254 petition was timely and/or that he was entitled to equitable tolling, and, therefore, the district court erred by not ordering the State to produce the requested records.

We review for abuse of discretion the district court's denial of discovery. *Arthur v. Allen*, 452 F.3d 1234, 1243 (11th Cir. 2006), *modified on reh'g on other grounds*, 459 F.3d 1310 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 2033 (2007). "Under the abuse of discretion standard, we consider whether the district court's decision was based on an erroneous legal conclusion because '[a] district court by definition abuses its discretion when it makes an error of law.'" *Id.* (quoting *Koon v. United States*, 518 U.S. 81, 100, 116 S. Ct. 2035, 2047-48 (1996)).

Under Rule 5(d)(3) of the Rules governing Section 2254 Cases, when a respondent answers a petition, the respondent must also file a copy of "the opinions and dispositive orders of the appellate court relating to the conviction or the sentence." "A habeas petitioner . . . is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 1796-97 (1997). However, Rule 6(a) of the Rules Governing Section 2254 Cases provides,

"[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." "Good cause" is shown where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09, 117 S. Ct. at 1799 (citation omitted). "Thus, good cause for discovery cannot arise from mere speculation." *Arthur v. Allen*, 459 F.3d 1310, 1311 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 2033 (2007). Under Rule 7(a) of the Rules Governing Section 2254 Cases, "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition."

The AEDPA amended 28 U.S.C. § 2244(d) to establish a one-year statute of limitations for petitions filed under § 2254. 28 U.S.C. § 2244(d)(1). Once the statute of limitations is triggered, the period can be tolled either (1) statutorily, pursuant to 28 U.S.C. § 2244(d)(2), or (2) equitably. *See Spottsville v. Terry*, 476 F.3d 1241, 1243-45 (11th Cir. 2007).

The time limitation is statutorily tolled during the time when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. § 2244(d)(2). "[A] motion for state court rehearing falls within the category of 'State post-conviction

5

or other collateral review'" and, therefore, tolls the statute of limitations. *Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1237 (11th Cir. 2004).

While the AEDPA does not define the term "properly filed," the Supreme Court has held that an application is "filed" "when it is delivered to, and accepted by, the appropriate court officer for placement into the official record," and an application is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000) (emphasis in original). The Supreme Court noted in *Artuz* that "[i]f . . . an application is erroneously accepted by the clerk of a court lacking jurisdiction, or is erroneously accepted without the requisite filing fee, it will be *pending*, but not *properly filed*." *Id.* at 9, 121 S. Ct. at 364 (emphasis in original).

"Equitable tolling[, on the other hand,] can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001). "Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Sec'y for Dep't Corr.*, 362 F.3d 698, 701 (11th Cir. 2004). "Equitable tolling is limited to rare and

6

exceptional circumstances, such as when the State's conduct prevents the petitioner from timely filing." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 127 S. Ct. 1079 (2007). "A determination as to whether rare and exceptional circumstances are presented requires the examination of the facts in each case, and the burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Spottsville*, 476 F.3d at 1245 (citations and alteration omitted).

According to Rule 39(l) of the Alabama Rules of Appellate Procedure, "[n]o application for rehearing shall be received in the Supreme Court [of Alabama] if the petition for writ of *certiorari* is denied, quashed, or stricken."

As an initial matter, Reed acknowledges that his convictions became final on direct review on March 18, 2003, and that he filed his Rule 32 petition 11 months and 9 days later, on February 27, 2004. Reed also concedes that the Alabama Supreme Court struck his petition for writ of *certiorari* on May 4, 2005, and that the Alabama Court of Criminal Appeals issued a certificate of final judgment on May 5, 2005. The state conceded that the one-year limitations period was tolled from February 27, 2004, until May 5, 2005, and that once the certificate of final judgment was issued on May 5, 2005, Reed had 21 days remaining on the one-year limitations period. Thus, the issue presented to the district court was whether Reed

was entitled to statutory or equitable tolling when he filed his application for rehearing up until the time the Alabama Supreme Court issued an order denying his application, and the outcome of whether statutory tolling applies depends on whether his application for rehearing was "properly filed."

Reed's application for rehearing was not "properly filed" because its delivery and acceptance were not in compliance with the applicable laws and rules governing filings. Moreover, even though Reed's application was "pending" because it was accepted by the clerk and the Alabama Supreme Court ultimately issued an order with regard to the application, it was never "properly filed" and, therefore, did not statutorily toll the one-year limitations period. Thus, the only remaining issue is whether Reed demonstrated that he was entitled to equitable tolling. We review a district court's legal decision on equitable tolling *de novo*. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1283 (11th Cir. 2002).

After reviewing the record and reading the parties' briefs, we conclude that the district court did not abuse its discretion by denying Reed's motions for discovery and expansion of the record. We also agree with the district court that Reed was not entitled to equitable tolling. "Equitable tolling is only available if the petitioner establishes (1) extraordinary circumstances and (2) due diligence." *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007). We agree with the

8

magistrate judge that Reed failed to establish either prong of the test.

Finally, if we assume *arguendo* that the one-year limitations period should have been equitably tolled while Reed's application for rehearing was pending, and accepting the State's contention that the application was denied on August 26, 2005, Reed's § 2254 petition was still filed 23 days late.

For this reason, among others, there was no need for the district court to expand the record under Rule 7 of the Rules governing Section 2254 Cases to include the application and order denying that state court filing.

**AFFIRMED.**