[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 30, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-14742

_____

D. C. Docket No. 07-00018-CV-CDL-4

TIMOTHY DESHAWN JONES,

Petitioner-Appellant,

versus

CALVIN MORTON,
Warden,
JAMES E. DONALD,
Commissioner of the Georgia
Department of Corrections,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(July 30, 2009)

Before DUBINA, Chief Judge, TJOFLAT, Circuit Judge, and BOWEN,* District Judge.

PER CURIAM:

Petitioner, Timothy Deshawn Jones, appeals the district court's order dismissing his *pro se* federal habeas petition as time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). The AEDPA provides a one-year statute of limitations on federal habeas petitions. 28 U.S.C. § 2244(d)(1). In this case, the district court adopted a magistrate judge's report and recommendation and dismissed Jones's petition as untimely because it fell outside the one-year statute of limitations. We granted a certificate of appealability ("COA") as to the time-barred issue, and on appeal, Jones argues that his petition is timely because the limitations period is tolled, under 28 U.S.C. § 2244(d)(2), by a still-pending motion he filed in state court asking the court to reconsider its denial of his state habeas petition.[1]

---

*Honorable Dudley H. Bowen, Jr., United States District Judge for the Southern District of Georgia, sitting by designation.

[1]The parties do not dispute that the ruling regarding the motion for reconsideration is dispositive as to whether the federal habeas petition is time-barred. If the motion for reconsideration tolled the statute of limitations, then Jones's habeas petition was timely. Otherwise, the one-year limitations period expired.

We review *de novo* a district court's determination that a petition for federal habeas corpus relief is untimely under 28 U.S.C. § 2244(d). *Spottsville v. Terry*, 476 F.3d 1241, 1243 (11th Cir. 2007).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that Jones's May 18, 2005, pleading titled "reconsider Final Order" is not a motion for reconsideration. Instead, it is an alternative proposed final order and mirrors one that was prepared by counsel for the state respondent and had already been adopted by the state habeas corpus court. Thus, we conclude that the state habeas corpus court had no obligation to consider this pleading as anything other than what it purported to be and had no recognized duty to construe the pleading as a motion for reconsideration, even in light of Jones's *pro se* status. Accordingly, we affirm the district court's order dismissing Jones's federal habeas petition as time-barred.

**AFFIRMED.**