[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13694
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-02004-CV-TWT-1

SHERWIN PERKINS,

Petitioner-Appellant,

versus

THOMAS AMMONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 17, 2010)

Before TJOFLAT, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Sherwin S. Perkins, a pro se Georgia prisoner, appeals the district court's dismissal of his federal habeas corpus petition, brought under 28 U.S.C. § 2254, as time-barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996). Because Perkins has not shown that the district court erred in determining that he had not demonstrated either that he was diligent or that extraordinary circumstances prevented the timely filing of his habeas petition, equitable tolling does not apply. Accordingly, we AFFIRM.

## I. BACKGROUND

In June 2008, Perkins executed his pro se § 2254 habeas petition, raising several constitutional claims. R1-1 at 7-16 and 22. In this petition, Perkins admitted that his state judgment of conviction became final over one year prior to the filing of his habeas petition, but stated that he filed (1) a motion to withdraw his guilty plea and resume trial in October 2005, and (2) a motion for a new trial in December 2005, both of which the DeKalb County Superior Court failed to respond to. R1-1 at 21. Perkins also stated that he filed a state habeas petition in October 2006, as well as an application for probable cause with the Georgia Supreme Court, that were denied. Id. Therefore, Perkins claimed, he had no

further state remedies available to him and was entitled to habeas relief.  Id. at 21-22.

The state responded that the district court should dismiss Perkins's petition as untimely because (1) it was not filed within one year after the state conviction became final pursuant to 28 U.S.C. § 2244(d)(1)(A), (2) neither statutory nor equitable tolling applied to render Perkins's petition timely, and (3) he filed it 82 days late.  R1-5 at 1-2; R1-5-2 at 1-6.  A review of the state's exhibits reveals that Perkins pleaded guilty in August 2005 in DeKalb County Superior Court to various child abuse and sexual assault charges.  R1-7-2 at 1.  The following month, Perkins sent a letter to the superior court attempting to withdraw his guilty plea.  R2-15-2.  Perkins executed a state habeas corpus petition in October 2006 that was denied 11 months later, and an application for a certificate of probable cause to appeal with the Supreme Court of Georgia that was denied in January 2008.  R1-7-2 at 1-5; R1-7-3 at 50, 53, 55.

Following the state's response and motion to dismiss, the magistrate judge ordered the parties to supplement the record with additional state court records in order to determine whether statutory tolling applied.  R1-10; R2-13.  Perkins also submitted a reply brief in which he argued in part that (1) he had asked his counsel to file plea withdrawal motions and his counsel never acknowledged these requests, and (2) he had exercised due diligence by submitting at least one letter

3

seeking to withdraw his plea. R2-19 at 3-5. The magistrate judge then issued a report and recommendation, recommending that the habeas petition be dismissed as untimely because Perkins had filed it 102 days late. R2-20-2 at 1, 5. The magistrate judge determined that because Perkins did not attempt to "demonstrate either that he was diligent or that extraordinary circumstances prevented timely filing of his habeas petition," there was no basis for equitable tolling. Id. at 5-6. The magistrate judge rejected Perkins's argument that the filing of his letters seeking withdrawal of his guilty plea statutorily tolled the federal limitations period. Id. at 6-7.

Perkins objected to the recommendation, arguing, inter alia, that (1) he made good faith attempts to comply with state law requirements and exercised due diligence and showed extraordinary circumstances in trying to exhaust his state remedies in a timely manner, (2) his defense counsel abandoned him when he sought her assistance in withdrawing his plea, (3) the superior court failed to respond to his September 2005 letter in which he sought to withdraw his plea, and (4) he suffered an impediment due to the superior court's failure to respond to his letters and the state's deliberate delay in responding to his motions. R2-23 at 1-8. Over Perkins's objections, the district court adopted the report and recommendation, agreeing that Perkins's § 2254 petition was not filed within the

4

one-year statute of limitation period, and dismissed the petition as untimely. R2-25, R2-26.

In his petition for a certificate of appealability ("COA"), Perkins noted that he was disabled, although he did not specify the nature of his disability, and argued that he was entitled to equitable and statutory tolling. R2-29 at 2, 4-7. Perkins also argued that the federal district court erred in failing to rule on his constitutional claims. Id. at 6. In his amendment to the COA, Perkins argued, inter alia, that the district court erred in refusing to equitably toll the limitations period because he diligently pursued habeas relief and his attorney abandoned him. R2-32 at 2-4. The district court granted a COA on the limited issue of whether Perkins was entitled to equitable tolling of the one-year statute of limitations. R2-35.

## II. DISCUSSION

Perkins notes in his brief to us that he is disabled, but again fails to indicate the nature of his disability. Perkins argues that he filed two motions to withdraw his plea with the DeKalb County Superior Court and that the court never responded to either of these motions. He also states that he filed a motion for a new trial. According to Perkins, these motions are still pending and will statutorily toll the one-year statute of limitations, and he should have received an

evidentiary hearing on the tolling issue. Based on these motions, he argues that he made good faith attempts to seek state remedies and that equitable tolling is appropriate because of extraordinary circumstances that were beyond his control and unavoidable even with his diligence. Perkins also contends that equitable tolling is appropriate because his attorney's misconduct in failing to file a direct appeal reached the level of "utter abandonment," and the state's conduct in delaying the exhaustion of his state remedies warrants tolling. Appellant's Brief at 8. According to Perkins, the state failed to present the appropriate records to the district court or to him, but he does not specify what records should have been produced. Perkins also raises various constitutional challenges to his convictions.

Appellate review is limited to the issues specified in the COA. Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998). Moreover, arguments not clearly raised in an appellate brief are abandoned and we will address them. See Jones v. Campbell, 436 F.3d 1285, 1303 (11th Cir. 2006) (citations omitted).

A district court's decision to dismiss a petition for a writ of habeas corpus is reviewed de novo. Drew v. Dep't of Corr., 297 F.3d 1278, 1283 (11th Cir. 2002). We also review de novo the district court's decision to deny equitable tolling. Id. However, we review a district court's determination of the relevant facts, including those related to a petitioner's diligence, for clear error. Id. "This

6

standard requires us to affirm a district court's findings of fact unless the record lacks substantial evidence to support that determination." Id. (quotation omitted). Finally, we review a habeas court's decision as to "whether to conduct an evidentiary hearing on an equitable tolling claim for an abuse of discretion." Id.

The AEDPA imposes a one-year statute of limitations for the filing a § 2254 habeas petition, that begins to run following one of four events, including "the date on which the judgment became final . . . ." 28 U.S.C. § 2244(d)(1). In rare circumstances, "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline . . . ." Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (quoting Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001)). Equitable tolling is "an extraordinary remedy" that is reserved for "exceptional circumstances" and "typically applied sparingly." Id. (quotation omitted). We have characterized the equitable tolling standard as a two-part test, stating that "equitable tolling is available only if a petitioner establishes both extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004) (expressly refusing to consider Diaz's extraordinary-circumstances argument in light of his unexplained 532-day delay in filing his § 2254 petition) (emphasis in original).

7

"Attorney negligence, even gross negligence, does not warrant equitable tolling." Melson v. Allen, 548 F.3d 993, 1001 (11th Cir. 2008), cert. denied, 130 S.Ct. 254 (2009). "There must be an allegation and proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part in order for a court to find there was such egregious attorney misconduct that a petitioner is entitled to equitable tolling." Id. (quotation omitted). An attorney's miscalculation of the limitations period or misinterpretation of § 2244(d)(1) does not constitute an extraordinary circumstance sufficient to warrant equitable tolling. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). The petitioner bears the burden of showing that equitable tolling is warranted. Drew, 297 F.3d at 1286-87.

Only in two situations have we held that equitable tolling applied. In Spottsville v. Terry, 476 F.3d 1241, 1245-46 (11th Cir. 2007), we held that the late filing of the petitioner's application for a certificate of probable cause ("CPC") with the Georgia Supreme Court was not the petitioner's fault, but rather due to the incorrect filing instructions given to him by a Georgia superior court, and thus he was entitled to equitable tolling for the time when his application for a CPC was in the wrong court. In Knight v. Schofield, 292 F.3d 709, 710-11 (11th Cir. 2002), we applied equitable tolling when Knight received an assurance from the Georgia Supreme Court clerk that he would be notified when the court ruled on his

8

state postconviction motion, but the court failed to notify Knight when it ruled, and the AEDPA's one-year limitation period lapsed while he was waiting.

As an initial matter, appellate review of Perkins's claims is limited to the issue of whether Perkins is entitled to equitable tolling of the one year statute of limitations. Murray, 145 F.3d at 1250-51; (R2-35). Thus, we will not consider Perkins's argument regarding statutory tolling because that issue is beyond the scope of this appeal. See Murray, 145 F.3d at 1250-51. Likewise, we will not consider Perkins's constitutional claims because those too are beyond the scope of this appeal. *Murray*, 145 F.3d at 1250-51.

Further, a number of Perkins's arguments are not adequately briefed on appeal. Perkins first presents a conclusory claim that he is disabled, but fails to specify the nature of his disability or how this alleged disability prevented him from timely filing his petition. Therefore, any claim as to Perkins's disability is deemed abandoned. *See Jones*, 436 F.3d at 1303. Perkins further argues that the state caused a delay in the exhaustion of his state remedies, but does not clarify how the state caused this alleged delay or how such a delay resulted in his failure to timely file his § 2254 petition. Therefore, this claim as to state-caused delay also is deemed abandoned. See Jones, 436 F.3d at 1303. Finally, Perkins's contention that the state failed to present the appropriate records to him or to the

9

district court is conclusory because he fails to specify what records should have been produced and does not argue how those records would have shown his entitlement to equitable tolling. Therefore, this claim too is deemed abandoned. See Jones, 436 F.3d at 1303.

On the merits of his equitable tolling claim, because Perkins has not shown "both extraordinary circumstances and due diligence," he has failed to establish entitlement to equitable tolling. Diaz, 362 F.3d at 701. Even assuming that Perkins's filing of his letters in state court and his attempt to seek the assistance of his attorney in filing a direct appeal constituted due diligence, Perkins has not shown that extraordinary circumstances beyond his control prevented him from filing his habeas petition in a timely manner. Perkins blames his attorney for his failure to timely file a § 2254 petition, but none of Perkins's assertions of gross attorney misconduct, even if true, rise to the level of egregious misconduct warranting equitable tolling. See Melson, 548 F.3d at 1001. The fact that Perkins's attorney did not respond to his alleged request to file a plea withdrawal motion or a direct appeal is insufficient to equitably toll the limitations period. See id. Moreover, Perkins has not alleged that he was affirmatively misled by either a Georgia state court or a federal court regarding how to timely file a state tolling motion or a federal habeas petition. See Spottsville, 476 F.3d at 1245-46;

10

Knight, 292 F.3d at 711; See R1-1; R2-29. On this record, no extraordinary circumstances existed to prevent Perkins from timely filing his habeas petition. Finally, Perkins's argument that he should have received an evidentiary hearing is without basis. Even if Perkins could demonstrate that his attorney committed misconduct or that his letters seeking to withdraw his guilty plea constituted motions that would justify equitable tolling, he has not offered any reason to believe that an evidentiary hearing would help him prove that extraordinary circumstances prevented him from timely filing his § 2254 petition. See Drew, 297 F.3d at 1292. Therefore, the district court did not abuse its discretion in deciding not to hold a hearing.

## III. CONCLUSION

Because Perkins has failed to demonstrate that the district court erred in determining that he had not shown either that he was diligent or that extraordinary circumstances prevented the timely filing of his habeas petition, his claim of equitable tolling fails. Accordingly, we **AFFIRM.**

11