[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10797

_____

D.C. Docket No. 8:12-cv-02859-EAK-TBM

HARRY LEE BUTLER,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 3, 2015)

Before HULL, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Following oral argument and a review of the record in this capital case, we affirm the district court's dismissal of Harry Lee Butler's federal habeas corpus petition as time-barred.  Mr. Butler correctly conceded at oral argument that his petition was untimely, and we conclude that he is not entitled to equitable tolling.[1]

## I

On May 9, 2002, the Florida Supreme Court issued an opinion affirming Mr. Butler's conviction and sentence on direct appeal.  *See Butler v. Florida,* No. SC95158, 2002 WL 926283, (Fla. May 9, 2002).  Mr. Butler filed a motion for rehearing.  The Florida Supreme Court denied the motion, and on April 3, 2003, it issued an opinion again affirming the conviction and sentence. *See Butler v. Florida*, 842 So. 2d 817 (Fla. 2003).  The mandate issued on April 24, 2003.

The AEDPA one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A) began to run on July 3, 2003, which was 90 days after the Florida Supreme Court issued its judgment on direct appeal affirming Mr. Butler's conviction and sentence.  *See Cadet v. Fla. Dep't. of Corr.*, 742 F.2d 473, 475 (11th Cir. 2014).  Due to the timing of the July 4th holiday in 2004, Mr. Butler had until July 6, 2004, to file his federal habeas corpus petition or to file a state post-conviction motion which would toll the limitations period.  *See* § 2244(d)(2). Mr. Butler, however, did not file his state post-conviction motion until July 13, 2004,

---

[1] Because we write for the parties, we set out only what is necessary to explain our decision.

2

and that motion did not toll the one-year AEDPA limitations period because by then there was nothing left to toll.  *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas deadline does not revive it."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("a state court petition . . . that is filed following the expiration of the [federal] limitations period cannot toll that period because there is no period remaining to be tolled").  So, when Mr. Butler filed his federal habeas corpus petition in December of 2012, he was out of time by over eight years.

## II

Mr. Butler's post-conviction counsel believed he had until July 18, 2004, to file a federal habeas corpus petition or seek state post-conviction relief that would toll the one-year AEDPA limitations period.  That belief was based on the following notation in the 2003 slip opinion of the Florida Supreme Court on direct appeal: "Not final until time expires to file rehearing motion, and if filed, determined."  Because Florida law allows 15 days for the filing of a petition for rehearing, *see* Fla. R. App. P. 9.330(a), Mr. Butler's counsel thought that the 90-day period for seeking certiorari started on April 18, 2003 (instead of April 3, 2003), and that his one-year AEDPA limitations period therefore began to run on July 18, 2003.  If Mr. Butler's post-conviction counsel was correct, then the state post-conviction motion filed on July 13, 2004, would have stopped the AEDPA

clock with five days left to go, and the federal habeas corpus petition (filed the day after the post-conviction motion was denied) would have been timely.

Unfortunately, Mr. Butler's counsel was mistaken. Pursuant to Supreme Court Rule 13.1, a petition for certiorari of a decision of a state court of last resort must be filed within 90 days of the judgment. Importantly, Rule 13.3 provides that this period

> runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate. . . . But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13.3. Because Mr. Butler did not seek rehearing from the Florida Supreme Court of the opinion issued on April 3, 2003, the 90-day period for seeking certiorari expired on July 3, 2003, and the one-year AEDPA limitations period ended on July 6, 2004.

This leaves Mr. Butler's request for equitable tolling of AEDPA's one-year limitations period. Such tolling is available only if Mr. Butler can show that he was pursuing his rights diligently and that some extraordinary circumstance prevented his timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010).[2]

---

[2] We review an equitable tolling claim *de novo*. *See Lugo v. Secretary*, 750 F.3d 1198, 1206 (11th Cir. 2014).

Like the district court, *see* D.E. 20 at 8, we conclude that Mr. Butler cannot satisfy the second equitable tolling requirement.  Mr. Butler can only point to his counsel's miscalculation of the AEDPA limitations period, and that sort of mistake "does not warrant equitable tolling."  *Holland*, 560 U.S. at 651–52 (explaining that a "garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling") (internal quotation marks and citation omitted).  This is not a case like *Spottsville v. Terry*, 476 F.3d 1241, 1245–46 (11th Cir. 2007), where we concluded that equitable tolling was appropriate because a state court had given a *pro se* petitioner misleading instructions on the filing of his appeal.  Nor is it like *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002), where we ruled that equitable tolling was warranted because a state court had told a *pro se* petitioner that it would notify him concerning the disposition of his request for discretionary review but then sent the notice of the ruling to the wrong person.

## III

We affirm the dismissal of Mr. Butler's federal habeas corpus petition.

**AFFIRMED.**

5