[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12393
Non-Argument Calendar

_____

D.C. Docket No. 0:16-cv-60227-DPG

ROY O. DANIELS,

Petitioner-Appellant,

versus

STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 22, 2019)

Before MARCUS, WILLIAM PRYOR and GRANT, Circuit Judges.

PER CURIAM:

Roy Daniels, a Florida prisoner incarcerated for violating his sex offender

probation, appeals from the district court's dismissal of his 28 U.S.C. § 2254 petition

as untimely. We granted a certificate of appealability ("COA") on the issue of

whether the district court erred in dismissing his § 2254 petition as time-barred.  On appeal, Daniels argues that: (1) equitable tolling is warranted because he was greatly disadvantaged in his underlying state post-conviction proceedings by his lack of experience with court procedure, and by the state courts' refusal to appoint counsel to file his petition in federal court; and (2) he is actually innocent of his convictions and sentences out of Broward County and Palm Beach County, Florida, for probation and sex offender registration violations.[1]  After careful review, we affirm.

We review de novo the district court's dismissal of a § 2254 petition as untimely.  Spottsville v. Terry, 476 F.3d 1241, 1243 (11th Cir. 2007).  Although we read pro se briefs and filings in habeas cases liberally, issues not briefed on appeal are deemed abandoned.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008); Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000).  Where an appellant briefly mentions an issue in his brief, but does not elaborate or provide argument, he has abandoned the issue.  United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).  Thus, we will not consider the notes included in Daniels' exhibits or any argument that his petition was timely, because he abandoned these arguments by not "plainly and prominently" raising them.  Id.; see also Timson, 518 F.3d at 874.

---

[1] In reviewing this appeal, we consider the arguments set forth in Daniels' original pro se brief, as well as in the brief his second appointed counsel filed on October 31, 2018.

2

In general, habeas petitions filed in federal district court after April 24, 1996, the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are governed by the AEDPA and post-AEDPA law. Lindh v. Murphy, 521 U.S. 320, 322-23, 336 (1997). In this case, the AEDPA governs Daniels' § 2254 petition because it was filed in 2016, long after the AEDPA was enacted.

The AEDPA establishes a one-year statute of limitation for federal habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1)(A). A habeas petitioner is entitled to equitable tolling of the AEDPA's one-year limitation period when he shows that he had "been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way and prevented timely filing." Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017), cert. denied, 138 S. Ct. 1042 (2018) (quotation omitted). Equitable tolling is an extraordinary remedy that applies only in rare and exceptional circumstances, id., which must be both beyond the petitioner's control, and unavoidable, even with diligence. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The petitioner must further show a causal connection between the alleged extraordinary circumstances and his untimely filing of the § 2254 petition. San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011).

We've held that periods of time in which a prisoner is separated from his legal documents typically do not constitute extraordinary circumstances. See Dodd v. United States, 365 F.3d 1273, 1283-84 (11th Cir. 2004). Additionally, a prisoner's

3

pro se status or procedural ignorance do not constitute extraordinary circumstances. See Johnson v. United States, 544 U.S. 295, 311 (2005). Equitable tolling may be warranted when a government official affirmatively misled a pro se petitioner. Spottsville, 476 F.3d at 1245. In Spottsville, we ruled that the pro se petitioner was entitled to equitable tolling of his limitation period during the pendency of his attempted appeal of the denial of his state habeas petition because the state habeas court's instruction affirmatively misled him to file his notice of appeal in the wrong court and he otherwise had been diligent. Id. at 1245-46. However, any effort by the state to assist a petitioner in post-conviction proceedings does not make it accountable for a prisoner's delay. Lawrence v. Florida, 549 U.S. 327, 337 (2007).

In the alternative, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013); Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001). This exception "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." McQuiggin, 569 U.S. at 394–95 (quotation omitted). However, "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must

4

pass to have his otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404-05 (1993).

Daniels argues that while his federal § 2254 petition was untimely, equitable tolling is warranted because had he filed his requests for habeas relief in federal court, rather than state court, his filings would have been timely. He says the state courts should have realized and informed him that he needed to file his "petitions for writ of habeas corpus" in federal court instead of state court since Florida does not have a habeas corpus statute, and that the state courts erred by instead sua sponte reclassifying his habeas petitions into Rule 3.850 motions and proceeding to rule. He also faults the state courts for never appointing him counsel, and faults prison officials for destroying his legal materials and inciting violence against him.

We conclude, however, the district court did not err in determining that Daniels failed to show entitlement to equitable tolling. For starters, we are unpersuaded by Daniels' claims that the state courts' failure to inform Daniels of where to file his petitions amounted to an extraordinary circumstance. It was not the responsibility of the state courts to inform Daniels where to file his petitions, neither the state nor the state courts affirmatively misled Daniels as to where to file or prevented him from timely filing a petition in the district court, and Florida law does not suggest that his "petitions for writ of habeas corpus" necessarily were intended to be federal habeas petitions. See Lawrence, 549 U.S. at 337; Spottsville, 476 F.3d

5

at 1245; <u>Baker v. State</u>, 878 So. 2d 1236, 1241 (Fla. 2004).  This is especially true since Daniels explicitly asserted that his petitions were filed pursuant to Florida statutes, rules of civil procedure, and constitutional provisions, making no mention of § 2254 or other federal bases.

But even assuming that Daniels filed his "petitions for writ of habeas corpus" in the wrong court, it does not constitute an extraordinary circumstance.  We do not see how a mistake like this was beyond Daniels' control or unavoidable.  <u>See</u> <u>Sandvik</u>, 177 F.3d at 1271.  Further, Daniels waited almost two years in between filing his "petition for writ of habeas corpus" in state court and filing his § 2254 petition in federal court, and has failed to establish a causal connection for the full length of that delay.  <u>San Martin</u>, 633 F.3d at 1267.  On this record, we cannot say that the state courts' failure to inform Daniels of where to file his petitions amounted to an extraordinary circumstance.

As for Daniels' argument that the state courts should have appointed counsel to assist him with his filings, Florida law does not require courts to appoint counsel in postconviction cases.  <u>See</u> Fla. R. Crim. P. 3.850(f)(7) (providing, under Florida law, that a post-conviction court has discretion to decide whether to appoint counsel to a petitioner in Rule 3.850 proceedings).  In any event, the Supreme Court has held a <u>pro se</u> petitioner's inexperience with the law is not a sufficient reason to amount to an extraordinary circumstance.  <u>Johnson</u>, 544 U.S. at 311.

6

As for Daniels' argument that he could not file a timely federal petition because prison officials took and/or destroyed his legal materials for two years and/or incited violence against him, we again disagree. For one, his separation from his legal materials does not constitute an extraordinary circumstance. Dodd, 365 F.3d at 1283-84. Moreover, he fails to allege specifically when he was separated from his legal materials, what materials were taken from him, and how such separation prevented him from timely filing his § 2254 petition. San Martin, 633 F.3d at 1267. He has also failed to allege when the officers incited violence, whether their inciting violence prevented him from timely filing his § 2254 petition, or for how long it prevented him from filing. Id.

We also find no merit to Daniels' claim that he is entitled to equitable tolling on the basis of his actual innocence. Notably, he has produced no new evidence that was not previously available to him. McQuiggin, 133 S. Ct. at 1928. Although he briefly mentions new DNA evidence in a footnote, his passing reference does not indicate what that evidence relates to, where it was discovered, when it was discovered, or why it could not have been discovered previously, making his claim insufficient. To the extent that Daniels' arguments about other problems with his state cases can be construed as supporting his actual innocence claim, they likewise fail because he also has presented no new evidence as to these claims. Moreover, his actual innocence argument instead appears to be more of a "freestanding claim[]

7

of actual innocence," and we've never held that these types of claims fall under the actual innocence exception.  <u>Herrera</u>, 506 U.S. at 404-05.  Finally, to the extent that any of Daniels' remaining arguments can be construed as arguments regarding the merits of his § 2254 claims, they are not before us, since the district court dismissed his § 2254 petition as time-barred without reaching the merits.

**AFFIRMED**.