[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13226
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cv-00182-MTT-CHW

SHAWN C. RUTLAND,

Petitioner - Appellant,

versus

WARDEN,
Smith State Prison,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(May 23, 2019)

Before WILSON, MARTIN, and HULL, Circuit Judges.

PER CURIAM:

Shawn Rutland, a prisoner in Georgia serving a life sentence, appeals the district court's dismissal of his federal habeas petition for untimeliness. After careful consideration, we affirm.

## I.

On December 5, 2007, a jury convicted Rutland of armed robbery, hijacking a motor vehicle, and aggravated assault. Rutland was sentenced to life in prison on the armed robbery count, with twenty years of imprisonment to be served consecutively on the hijacking charge and twenty years to be served concurrently on the aggravated assault charge. During sentencing, the following exchange took place between the court and counsel for Rutland:

> Judge Stoddard: All right. You can file your motion for new trial, and then for the procedure that you have in place to go ahead. You have the right to file a habeas corpus as to this sentence, and it has to be filed within four years of the date the conviction becomes final, either from direct review or from any other kind of delay because of appellate review or sentence review, but you have four years to file a habeas corpus. Have you discussed that with [Rutland] as well?

> Mr. Waller: Yes, Your Honor.

Rutland appealed his convictions and sentences to the Georgia Court of Appeals, which affirmed in part, reversed in part, and remanded for reconsideration of Rutland's motion for a new trial. See Rutland v. State, 675 S.E.2d 506, 511 (Ga. App. 2009). On remand, the trial court reassessed Rutland's motion for a new trial under the correct legal standard and denied it. Rutland once

2

again appealed to the Georgia Court of Appeals, which affirmed the decision on March 3, 2010.  He did not seek further review on direct appeal.

Some time in November 2012, Rutland hired his present counsel to represent him in state habeas proceedings.  On October 17, 2013, counsel filed a state habeas application in the Superior Court of Tattnall County, Georgia, raising a number of claims of ineffective assistance of counsel.  The superior court held an evidentiary hearing on Rutland's claims and denied the application on February 2, 2015.  Rutland then filed a petition for a certificate of probable cause with the Georgia Supreme Court, which denied him leave to appeal on June 1, 2015.  The Georgia Supreme Court denied Rutland's motion for reconsideration on July 6, 2015.

Rutland, still represented by present counsel, filed a federal petition for habeas corpus in the Middle District of Georgia on May 18, 2016.  He raised three claims of ineffective assistance of counsel based on: (1) trial counsel's failure to obtain an eyewitness identification expert; (2) trial counsel's failure to object to the victim's testimony that he was certain his attacker was the defendant; and (3) trial counsel's decision not to introduce into evidence the lead detective's termination from the police department for dishonesty.  The state responded by filing a motion to dismiss the petition as untimely.

3

Rutland argued in opposition to the motion to dismiss that he was entitled to equitable tolling and that his petition was timely as a result. He explained that he was misled by the state trial court into thinking that he had four years to file any habeas petition—be it state or federal. He argued that the state trial court's misleading instructions constituted an extraordinary circumstance that warranted equitable timing.

The magistrate judge issued a report and recommendation recommending that Rutland's petition be dismissed as untimely. The district court adopted the magistrate judge's recommendation with some amendments and dismissed the petition over Rutland's objections. The district court rejected Rutland's argument that he was entitled to equitable tolling, finding that the trial judge's instructions "were not 'affirmatively misleading'" and that, in any event, Rutland was represented by counsel when the judge made his statement. The district court then denied Rutland a certificate of appealability.

Rutland requested and received a certificate of appealability from this Court. The only question on appeal is whether Rutland is entitled to equitable tolling of his 28 U.S.C. § 2254 habeas petition based on the state court's statements after trial. It is to this question we now turn.

4

## II.

"We review de novo the dismissal of a habeas petition as untimely." Spottsville v. Terry, 476 F.3d 1241, 1243 (11th Cir. 2007).  We review the district court's factual findings for clear error.  Thompson v. Sec'y, Dep't of Corr., 595 F.3d 1233, 1235 (11th Cir. 2010) (per curiam).

## III.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") includes a one-year statute of limitations for all state prisoners seeking to file federal habeas petitions.  28 U.S.C. § 2244(d)(1).  The clock begins running from "the date the conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review."  Spottsville, 476 F.3d at 1243 (quotation marks omitted).  In this case, the statute of limitations began running on March 15, 2010—the last day Rutland could have moved for reconsideration of the state appellate court's decision to affirm his convictions on direct appeal or given notice of intent to apply for certiorari with the Georgia Supreme Court.  See O.C.G.A. § 1-3-1(d)(3); Ga. Sup. Ct. R. 38(1); Ga. R. App. Ct. 37(b).

Rutland therefore had until March 15, 2011 to file his federal habeas petition, although the time would have been tolled for any "time during which a properly filed application for State post-conviction or other collateral review is pending."  Spottsville, 476 F.3d at 1243 (alteration adopted) (quoting 28 U.S.C.

5

§ 2244(d)(2)). Rutland did not seek state habeas relief until 2013 and waited until 2016 to seek federal habeas relief. This filing date rendered his federal filing untimely under § 2244(d) unless equitable tolling applies.

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition." Id. at 1245 (quotation marks omitted). Such extraordinary circumstances can take the form of misleading instructions from the state court, see id. at 1245–46; attorney abandonment, see Maples v. Thomas, 565 U.S. 266, 282–83, 132 S. Ct. 912, 923–24 (2012); or "serious attorney misconduct" amounting to abandonment, Brown v. Sec'y, Dep't of Corrs., 750 F. App'x 915, 929 (11th Cir. 2018). The critical inquiry is whether extraordinary circumstances beyond the petitioner's control have prevented him from adhering to AEDPA's one-year statute of limitations. Maples, 565 U.S. at 924, 132 S. Ct. at 283.

Rutland primarily takes issue with the district court's finding that the trial court's statements were not "affirmatively misleading" and that he therefore failed to establish an extraordinary circumstance that would warrant equitable tolling. Rutland argues that by saying he had four years to file "a" habeas petition rather than a state habeas petition, the trial court affirmatively misled him into thinking that he had four years to file any habeas petition—be it state or federal. There is

some merit to his position.  Indeed, even the state seems to concede that the trial court's instructions were "confusing."  The state nonetheless argues that Spottsville distinguishes between statements that are merely "confusing" and those that are affirmatively misleading.  We need not and do not adopt the state's reasoning.

Even assuming equitable tolling applies, the state is correct that Rutland's petition is untimely.  Rutland may have been lulled into inaction by the trial court's misleading instructions, but his current counsel should not have been.  Present counsel was hired in November 2012.  From that point forward, it was counsel's experience and training—and not Rutland's—that guided Rutland's habeas proceedings.  The state is therefore correct that the period for equitable tolling would have lapsed the moment Rutland procured the assistance of counsel, which happened no later than November 30, 2012.  Cf. Torres v. Long, 527 F. App'x 652, 654 n.1 (9th Cir. 2013) (unpublished) (per curiam) ("Because petitioners are not entitled to equitable tolling on the basis of language abilities once they have assistance from a translator, we would be on solid ground to presume any entitlement to equitable tolling ended no later than December 10, 2004 [the day the petitioner filed his second state court petition with a translator's assistance]." (emphasis added and citation omitted)).

Using November 30, 2012 as the new start date for AEDPA's one-year statute of limitations, Rutland had until November 30, 2013 to file his federal

7

habeas petition.  By our count, 321 days passed before he filed a state habeas petition on October 17, 2013, which triggered statutory tolling until the conclusion of his state habeas proceedings.  See 28 U.S.C. 2244(d)(2).  The state habeas proceedings concluded on July 6, 2015, which was the date the Georgia Supreme Court denied Rutland's motion to reconsider the court's denial of his certificate of probable cause.  At that point, Rutland had 45 days left of his one-year period to file his federal habeas petition.  However, Rutland, represented by present counsel, filed his federal habeas petition 317 days later on May 18, 2016—well beyond the 45 days he had remaining.  Thus, even with the benefit of equitable tolling, Rutland's habeas petition was indisputably untimely and properly dismissed.[1]

**AFFIRMED.**

---

[1] In order for Rutland's petition to be timely, he would need another basis for equitable tolling to cover either the time before counsel filed his state habeas petition or after.  He has not offered any such basis here.