[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
November 6, 2003
**THOMAS  K. KAHN**
**CLERK**

No. 02-14498

D. C. Docket No. 01-00401-CV-CB-M

ALFRED LEE JONES, JR.,

Petitioner-Appellant,

versus

JOHN NAGLE,

Respondent-Appellee.

Appeal from the United States District Court for the
Southern District of Alabama

**(November 6, 2003)**

Before DUBINA, WILSON and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge:

Petitioner-appellant Alfred Lee Jones, an Alabama prisoner, appeals the

dismissal of his habeas corpus petition as time-barred under the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"). Pub. L. No. 104-32, 110 Stat. 1214 (1996). The issue on appeal is whether the district court properly tolled the statute of limitations under the AEDPA.

I. BACKGROUND

In 1997, Jones pleaded guilty in Alabama state court to two counts of distribution of a controlled substance and one count of unlawful possession of a controlled substance. Jones was sentenced to three life terms, and the certificate for final judgment was issued on December 8, 1998. On February 2, 1999, Jones filed a Rule 32 petition in the Circuit Court of Mobile County, Alabama, attacking his guilty plea.[1] The circuit court denied the petition on August 12, 1999. According to Jones, however, he did not receive notice that this petition had been denied until February 4, 2000. Jones appealed on March 13, 2000, but on March 22, 2000, the Alabama Court of Criminal Appeals dismissed the appeal as untimely.[2] Jones then filed a second Rule 32 petition on November 14, 2000, which was denied on March 6, 2001. Jones did not appeal. Jones filed his habeas corpus petition pursuant to 28 U.S.C. § 2254 in the district court on June 4, 2001.

---

[1] Jones proceeded pro se until this court appointed counsel to represent him in this appeal.

[2] A petitioner has forty-two days to appeal the dismissal of a Rule 32 petition. Ala. R. App. P. 4(a).

2

The magistrate judge issued a report and recommendation, which found that Jones's habeas corpus petition was time-barred under the AEDPA. The AEDPA requires a state prisoner seeking a federal habeas corpus remedy to file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year time limit, however, is tolled during the time in which a petitioner could properly file an application for State post-conviction or other collateral review. See 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 217, 122 S.Ct. 2134, 2136, 153 L.Ed.2d 260 (2002). The magistrate judge found that 383 days elapsed from the time Jones's conviction was final on December 8, 1998, until Jones filed his habeas corpus petition on June 4, 2001.[3] The district court adopted the magistrate judge's recommendation and entered judgment against Jones.

II. DISCUSSION

---

[3] The magistrate judge explained that he calculated the 383 days as follows. The clock ran for 56 days from the time Jones's conviction was final on December 8, 1998, until the time he filed his first Rule 32 petition on February 2, 1999. After Jones filed the Rule 32 petition, the clock tolled until March 22, 2000, when the Alabama Court of Criminal Appeals dismissed Jones's appeal of the trial court's dismissal of his first Rule 32 petition. The clock started again on March 23, 2000, and ran for 237 days until November 14, 2000, when Jones filed his second Rule 32 petition. Jones's second Rule 32 petition tolled the clock until the state court denied it on March 6, 2001, at which time the clock began again. The clock ran for 90 days until Jones filed this habeas corpus action on June 4, 2001. When the magistrate judge added the time periods in which the clock had run - 56 days, 237 days, and 90 days - the court determined that Jones's habeas petition was filed in 383 days, which was 18 days past the AEDPA time limit.

3

We review de novo the district court's determination that a petition for federal habeas corpus relief was time-barred under 28 U.S.C. § 2244(d). *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). Jones argues, and the state now concedes on appeal, that the magistrate judge erred in not tolling the time period for the forty-two days during which Jones could have appealed the denial of his second Rule 32 petition.

According to the AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In *Carey v. Saffold*, the Supreme Court interpreted the word "pending" to "cover the time between a lower state court's decision and the filing of a notice of appeal to a higher state court." 536 U.S. 214, 217, 122 S.Ct. 2134, 2136, 153 L.Ed.2d 260 (2002). "[U]ntil the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" 536 U.S. at 220. Because Jones could have filed a notice of appeal from the dismissal of his second Rule 32 petition from March 6, 2001, to April 17, 2001, we agree that the AEDPA should have been tolled for that time.

4

Had the magistrate judge tolled the statute during these forty-two days, Jones's habeas petition would have been timely.[4] The state, however, now claims for the first time on appeal that the magistrate judge incorrectly tolled Jones's claim between September 23, 1999, and March 22, 2000.[5] In response, Jones's reply brief reiterates his position that because he did not receive notice of the August 12, 1999, denial of his Rule 32 petition until February 4, 2000, the magistrate judge properly tolled that time period.

Equitable tolling is "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The petitioner bears the burden of establishing that equitable tolling is justified. *Drew v. Dep't of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2000). Jones repeatedly has claimed that he did not receive timely notice that his first

---

[4] By tolling the forty-two days, Jones's habeas petition would have been filed in 341 days, well within the AEDPA's one-year time limit.

[5] Both parties now agree that the AEDPA should have been tolled from August 12, 1999, through September 23, 1999, because Jones could have filed an appeal for forty-two days after his Rule 32 petition had been denied. Therefore, the critical issue becomes whether the time between September 23, 1999, and March 22, 2000, is tolled.

Rule 32 petition had been denied on August 12, 1999.[6]  Prior to its brief in this court, the state never challenged Jones's position that he first received notice on February 4, 2000.  Because the state did not dispute Jones's equitable tolling argument in the district court, the state has waived its opportunity to address this argument now.  *Shukwit v. United States*, 973 F.2d 903, 904 (11th Cir. 1992) (holding that when the government does not raise a procedural bar issue in the district court, it is waived).

For the foregoing reasons, we conclude that Jones filed his habeas corpus petition in 341 days, well within the one-year time limitation imposed under the AEDPA.

**REVERSED** and **REMANDED**.

---

[6]In his habeas petition, Jones stated that "on 1st Rule 32 - was not notified by Court until time limit run (sic) out."  In May 2002, Jones filed an affidavit where he again claimed "[p]rior to February 4, 2000, I had no knowledge the Rule 32 Petition was denied August 12, 1999." After the magistrate judge issued a report and recommendation, Jones again stated that he first "received notice on February 4, 2000."