[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-15948
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 28, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-01518-CV-ORL-22DAB

THOMAS LYNN CRAMER,

                                                                    Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

                                                                    Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 28, 2006)

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Thomas Lynn Cramer, a Florida prisoner proceeding pro se, appeals the

district court's dismissal of his § 2254 petition as time-barred. Cramer filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), and, therefore, the provisions of that act govern this appeal. At issue in this appeal is whether the time during which Cramer could have sought an appeal of the denial of his Fla. R. Crim. P. 3.800 motion tolled the limitations period. We conclude that the time tolled even if Cramer did not seek appellate review, as the claim remained pending under 28 U.S.C. § 2244(d) until the time to file an appeal expired. Accordingly, we reverse and remand with instructions to reinstate the petition.

I. Background

Cramer was convicted of multiple counts of robbery on August 31, 1999. His conviction was affirmed on March 14, 2000. On July 16, 2000,[1] Cramer filed a motion to correct sentence under Fla. R. Crim. P. ("Rule") 3.800(a). The motion was denied on November 30, 2000. Cramer did not file an appeal. Cramer then filed a motion for post-conviction relief under Rule 3.850 on April 12, 2001. The motion was granted in part and denied in part on May 14, 2003. Cramer appealed the denial, and the state appeals court affirmed the decision on January 27, 2004.

---

[1] For purposes of calculating time, we apply the mailbox rule and refer to the dates Cramer signed his motions or petitions and submitted them to prison authorities. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

2

Cramer filed a petition for discretionary review with the state supreme court on February 25, 2004, which was dismissed for lack of jurisdiction on March 16, 2004. On October 8, 2005, Cramer filed the instant § 2254 petition.

The state moved to dismiss on the ground that the petition was untimely under the AEDPA's one-year limitations period because a total of 373 days had elapsed between the time in which the limitations period began to run and the time Cramer filed the instant petition.[2]

Cramer replied that the state failed to toll the time during which he could have appealed the denial of his Rule 3.800 motion, even though he had not filed an appeal, making the time elapsed a total of 343 days.[3]

The district court dismissed the petition as time-barred. Calculating the days, the court found that 34 days elapsed between the time the conviction became final on June 12, 2000, and when Cramer filed his Rule 3.800 motion. The time

---

[2] The state's calculations are as follows: Cramer's convictions became final on March 14, 2000. See Close v. United States, 336 F.3d 770, 773-74 (11th Cir. 2002) (explaining that the 90 day period runs from the date of the entry of judgment and not from the date the mandate issued). The time began to run 90 days later on June 12, 2000, after the expiration of the time in which Cramer could have sought review from the U.S. Supreme Court. See 28 U.S.C. § 2244(d)(1); Wade v. Battle, 379 F.3d 1254, 1256 (11th Cir. 2004)). From June 12, 2000 until Cramer filed the Rule 3.800 motion, 34 days expired. The time then tolled until the motion was denied on November 30. Cramer then used 133 days until he filed his Rule 3.850 motion, and the time tolled until that motion was denied. Another 206 days elapsed between the time the state supreme court denied discretionary review of the denial of the Rule 3.850 motion and the time Cramer filed his federal habeas petition.

[3] Cramer had thirty days in which to file an appeal from the denial of his motion for post-conviction relief under Rule 3.800(a). Fla. Stat. Ann. § 924.066(2); Fla. R. App. P. 9.140(3).

3

tolled until the motion was denied on November 30, 2000, and then 133 days elapsed until Cramer filed his Rule 3.850 motion. The time then tolled until the motion was denied on March 16, 2004. Thus, a total of 167 days had expired, and Cramer had 198 days - or until September 30, 2004 - to file a timely federal habeas petition. Cramer's petition, filed in October, was therefore untimely under the district court's calculations.

We granted a certificate of appealability ("COA") on the following issue:

Whether the district court erred by finding that appellant's 28 U.S.C. § 2254 petition was time-barred where the court failed to toll the one-year limitations period for the time during which appellant could have appealed the trial court's order denying his Fla.R.Crim.P. 3.800(a) motion, see Jones v. Nagle, 349 F.3d 1305, 1307-08 (11th Cir. 2003)?

II. Statute of Limitations

We review de novo a district court's determination that a habeas petition is time-barred. Nix v. Sec'y, Dep't of Corr., 393 F.3d 1235, 1236 (11th Cir. 2004).

The AEDPA requires a state prisoner seeking a federal habeas corpus remedy to file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, under the AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward

4

any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214, 217, 122 S.Ct. 2134, 2136, 153 L.Ed.2d 260 (2002); Jones, 349 F.3d at 1307.

We have yet to address whether the time in which a petitioner could file an appeal from the denial of a motion for post-conviction relief would toll the limitations period if the petitioner does not, in fact, file an appeal.[4] The resolution of this issue depends on whether the claim is pending if no appeal is filed.

The Supreme Court has interpreted the word "pending" to "cover the time between a lower state court's decision and the filing of a notice of appeal to a higher state court." Carey, 536 U.S. at 217; Jones, 349 F.3d at 1307-08. "[U]ntil the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" Carey, 536 U.S. at 220. As the Supreme Court has explained, a claim is "pending" during "the period between (1) the lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." Evans v. Chavis, 126 S.Ct. 846, 849 (2006) (emphasis and citation omitted).

---

[4] In Jones, 349 F.3d at 1308, the state conceded that the time during which Jones could have filed an appeal from the denial of his Rule 32 motion should have tolled the limitations period. Because the state conceded the issue, this court did not address the tolling issue. The Tenth Circuit has held that the limitations period would toll for the time in which the prisoner could have sought an appeal under state law. Serrano v. Williams, 383 F.3d 1181, 1185 (10th Cir. 2004) (emphasis added).

5

Nothing in the caselaw dictates that the appeal must be taken for the claim to remain pending. Moreover, logic dictates that the claim is pending regardless of whether the inmate actually files the notice of appeal. "Pending" refers to the continuation of the process, or the time until the process is completed. Carey, 536 U.S. at 219-20; Wade, 379 F.3d 1254,1262 (11th Cir. 2004). The process is not complete until there is no other avenue the prisoner could pursue. Thus, the claim remains pending until the time to seek review expires.[5] See id.

III. Conclusion

Therefore, because an appeal is part of the state collateral review process, and a claim remains pending until the completion of the process, the district court erred by concluding that the time in which Cramer could have filed an appeal from the denial of his motion to correct sentence did not toll the statute of limitations. Accordingly, we REVERSE and REMAND with instructions to reinstate the petition.

---

[5] In other contexts, whether the inmate files for review does not dictate tolling provisions. For example, the AEDPA limitations period does not begin to run until the time in which an inmate could seek certiorari review has expired, regardless of whether the inmate seeks such review. Wade, 379 F.3d at 1262. Moreover, this court has held that the time would toll where an inmate has filed an appeal from the denial of a motion for rehearing of the denial of a motion to correct sentence because the motion for rehearing fell within the "category of 'State post-conviction or collateral review.'" Nix, 393 F.3d at 1237. To refuse to apply the tolling provision simply because the inmate did not file an appeal would be inconsistent.