[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 23, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11170
Non-Argument Calendar

_____

D. C. Docket No. 05-00057-CV-J-32-MMH

FRED LORENZO BROOKS,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 23, 2006)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Florida prisoner Fred Lorenzo Brooks appeals the district court's denial of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, as barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), 28 U.S.C. § 2244(d)(1). On May 25, 2000, the Florida Supreme Court affirmed Brooks' conviction, but remanded the case for resentencing. Brooks' § 2254 petition only attacked his original conviction, not his resentencing.

Brooks asserts the district court erred in calculating the statute of limitations under the AEDPA from the date the Florida Supreme Court decision became final. Brooks contends the statute of limitations should have been calculated beginning with the date of his resentencing. The district court granted a certificate of appealability (COA) limited to this specific issue.

We review *de novo* the district court's determination that a petition for habeas corpus was time-barred under 28 U.S.C. § 2244(d). *Jones v. Nagle*, 349 F.3d 1305, 1307 (11th Cir. 2003). The one-year statute of limitations for filing a writ of habeas corpus runs from the latest of four triggering dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). A state prisoner's conviction becomes final when the U.S. Supreme Court denies

*certiorari* or issues a decision on the merits, or when the 90-day period in which to file a *certiorari* petition expires. *Bond v. Moore*, 309 F.3d 770, 773-74 (11th Cir. 2002). This time period is tolled during the pendency of a properly filed motion for post-conviction relief in state court. 28 U.S.C. § 2244(d)(2). "When a petitioner who has been resentenced brings an application challenging only his original judgment of conviction, the one-year statute of limitations under the AEDPA runs from the date the original judgment of conviction became final and not the date the resentencing judgment became final." *Rainey v. Sec'y for the Dep't of Corr.*, 443 F.3d 1323, 1326 (11th Cir. 2006).

This case is controlled by our decision in *Rainey*. Because Brooks' habeas petition challenged only his judgment of conviction, without any challenge to his resentencing judgment, the AEDPA's one-year statute of limitations began when his judgment of conviction became final. *Id.* Measuring the limitations period from that date, Brooks' habeas petition was untimely. We decline to consider any other argument Brooks attempts to raise on appeal because those arguments fall outside of the scope of the COA. *See Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998).

AFFIRMED.