[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF
APPEALS
ELEVENTH CIRCUIT
FEBRUARY 7, 2012
JOHN LEY

_____

No. 09-10782

_____

D. C. Docket No. 07-00860-CV-ODE

MICHAEL BELL,

Petitioner-Appellant,

versus

FLORIDA ATTORNEY GENERAL,
SECRETARY DEPARTMENT OF CORRECTIONS,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 7, 2012)

Before TJOFLAT, WILSON, and BLACK, Circuit Judges.

PER CURIAM:

Michael Bell is on Florida's death row after being convicted of two counts of first-degree murder. He appeals the district court's dismissal of his federal habeas petition on timeliness grounds.[1] On March 19, 2009, the district court issued a Certificate of Appealability (COA) on each of the following grounds: (1) whether Bell is entitled to tolling of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) one-year statute of limitations because of late appointment of collateral counsel; (2) whether Bell's motion to correct an illegal sentence entitles him to additional tolled time; (3) whether the statute of limitations should run from the time that collateral counsel was appointed because Bell was able to discover the factual predicate of his claims at that time; and (4) whether Bell is entitled to equitable tolling of the one-year statute of limitations.

After oral argument we issued an opinion requesting that the district court "specify whether jurists of reason would find it debatable that Bell's petition states a valid claim of the denial of a constitutional right." *Bell v. Fla. Att'y Gen.*, 614 F.3d 1230, 1232 (11th Cir. 2010). On January 7, 2011, the district court ruled that jurists of reason could find it debatable that Bell's petition stated a valid claim of the denial of a constitutional right and issued a COA on each of the same grounds. After thorough review of Bell's claims, we affirm the district court.

---

[1] Bell proceeds *pro se*; therefore, we liberally construe his filings. *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

We review a district court's dismissal of a petition for a writ of habeas corpus and a district court's decision on equitable tolling *de novo*. *San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir.), *cert. denied*, *San Martin v. Tucker*, 132 S. Ct. 158 (2011). The petitioner has the burden of proof to show that equitable tolling is required in any particular case. *Id*. at 1267. "[W]e review the district court's determinations of the relevant facts for clear error." *Id.* at 1265 (citation omitted). Thus, we "affirm a district court's findings of fact unless the record lacks substantial evidence to support them." *Id.* (citation and quotation marks omitted).

## I.

In June 1995, Michael Bell was convicted of two counts of first-degree murder.[2] On July 17, 1997, the Florida Supreme Court upheld Bell's convictions and death sentences. *Bell v. State*, 699 So. 2d 674, 679 (Fla. 1997) (per curiam). Bell then timely filed a petition for a writ of certiorari in the Supreme Court of the United States, which was denied on February 23, 1998. *Bell v. Florida*, 522 U.S. 1123, 118 S. Ct. 1067 (1998). The AEDPA one-year statute of limitations for the filing of a § 2254 habeas corpus petition began to run on February 24, 1998. *See* 28 U.S.C. § 2244(d).

---

[2] The Florida Supreme Court fully set forth the facts of Bell's case. *See Bell v. State*, 699 So. 2d 674 (Fla. 1997) (per curiam).

On April 8, 1998, Bell filed a *pro se* motion for appointment of counsel in state court. Due to changes in Florida's collateral-counsel appointment system and a large backlog of inmates without appointed counsel, Bell did not receive collateral counsel until September 3, 1998.

While Bell was awaiting appointment of counsel, he filed a *pro se* motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Bell submitted his motion to the corrections officer for mailing on April 28, 1998. On June 12, 1998 the trial court denied Bell's motion. In its order the court cautioned Bell to "file any future motions through counsel, or the motions will be stricken" since "he is or should be currently represented by [counsel]." *Bell v. Florida*, No. 3:07-860 (Fla. Cir. Ct. June 12, 1998) (order denying defendant's motion to correct an illegal sentence) (June 12 Order). Bell did not appeal this order before the time for appeal expired on July 14, 1998. Assuming that the 3.800(a) motion tolled the one-year statute of limitations,[3] the AEDPA statute of limitations tolled from April 28, 1998 to July 14, 1998.[4]

On September 3, 1998, an attorney was appointed to represent Bell. The

_____

[3] The State of Florida, for the purpose of its summary judgment motion, did not contest that Bell's 3.800(a) motion to correct an illegal sentence tolled AEDPA.

[4] The district court held and the State agrees that the statute of limitations was tolled during the time that Bell could have appealed the June 12 Order. *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006) (per curiam).

attorney withdrew on October 12, 1998 and was replaced by another attorney, Jeanine Sasser, on the same day. Despite being represented by counsel, Bell filed a *pro se* motion for full disclosure on March 19, 1999. The state court struck the motion on March 29, 1999 because Bell filed it *pro se* while he was represented by Sasser.

Finally, on June 1, 1999, Bell filed, through counsel, a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.851. The state court denied postconviction relief in September 2007.

On September 10, 2007, Bell filed a *pro se* § 2254 habeas corpus petition. Because Bell filed his postconviction motion on June 1, 1999—seventeen days after AEDPA's one-year statute of limitations expired—the motion did not toll AEDPA's statute of limitations. Therefore, the federal district court dismissed his petition without a hearing on the merits. To warrant reversal of the dismissal of the petition, Bell must persuade this court that the AEDPA one-year statute of limitations should be tolled.

## II.

The district court issued the first COA on whether Bell is entitled to tolling under AEDPA for late appointment of collateral counsel. Bell argues that the statute of limitations for his federal habeas corpus petition should begin on October

12, 1998, the date that Sasser was appointed to represent him, because delay in appointment of counsel was an impediment to filing under 28 U.S.C. § 2244(d)(1)(B).[5]

We have already held that a delay in the appointment of collateral counsel is not an impediment to filing within the purview of § 2244(d)(1)(B), because prisoners in capital cases have no constitutional right to postconviction counsel. *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331 (11th Cir. 2008) (citing *Lawrence v. Florida*, 549 U.S. 327, 335, 127 S. Ct. 1079, 1085 (2007)). Therefore, the district court correctly concluded that Bell's time to file his federal habeas corpus petition should not be tolled for late appointment of collateral counsel.

## III.

The second COA the district court issued asks whether Bell's motion to correct an illegal sentence entitles him to additional tolled time. Bell argues that his motion to correct an illegal sentence tolled AEDPA's statute of limitations under the doctrine of judicial estoppel. He also argues that he is entitled to an additional ninety days of tolled time because he could have sought Supreme Court

---

[5] Section 2244(d)(1)(B) states that the one-year statute of limitations "shall run from . . . the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

review of the denial of his motion.[6]

Bell argues that the State is judicially estopped from arguing that the statute of limitations expired on May 7, 1999 because the State argued that the statute of limitations expired on May 31, 1999 in proceedings related to Bell's state postconviction petition before the Florida Supreme Court. After reviewing the briefs that the State submitted to the Florida Supreme Court, it is clear that the State only argued that Bell had until May 31, 1999 to file his 3.851 motion. The State did not contend that AEDPA's statute of limitations ran on May 31, 1999, but only that the statute of limitations to file a 3.851 motion ran on May 31, 1999. Thus, this argument is misplaced.

Next, Bell argues that he is entitled to an additional ninety days of tolled time because he could have sought Supreme Court review of his motion. However, the Supreme Court rejected this argument in *Lawrence*. 549 U.S. at 333–34, 127 S. Ct. at 1084 (holding that the filing of a petition for certiorari in the Supreme Court does not toll the statute of limitations under 28 U.S.C. § 2244(d)(2)).

---

[6] In the district court Bell argued that he was entitled to tolled time because of the mailbox rule. The district court agreed and the State did not appeal the issue. Therefore, Bell's motion began tolling AEDPA's statute of limitations on April 28, 1998, the day he gave his motion to the corrections officer, and not May 4, 1998, the day it was filed in court. *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1382 n.1 (11th Cir. 2006) (per curiam).

## IV.

The third COA asks whether the statute of limitations should run from the time that collateral counsel was appointed on the grounds that Bell was able to discover the factual predicate of his claims at this time. *See* § 2244(d)(1)(D). Bell argues that he could not investigate his claims until collateral counsel was appointed. The district court correctly found that Bell did not furnish an affidavit or other evidence of any late-discovered facts; therefore, Bell did not point to any claims or evidence that he could not discover prior to the appointment of collateral counsel. Bell is not entitled to tolling under § 2244(d)(1)(D).

## V.

Finally, the district court issued a COA on whether Bell is entitled to equitable tolling of the AEDPA one-year statute of limitations. In *Holland v. Florida*, the Supreme Court held that § 2244(d) is "subject to equitable tolling in appropriate cases." 560 U.S. — , 130 S. Ct. 2549, 2560 (2010) (citations omitted). A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (citation and quotation marks omitted). In stating this standard, the Court emphasized that courts should be flexible and avoid mechanical rules and overly rigid standards. *See id.* at 2563.

We further expanded on *Holland* in *San Martin*. There the petitioner claimed that a two-week delay in receiving actual notice of the Supreme Court decision triggering the commencement of the one-year statute of limitations was an extraordinary circumstance requiring equitable tolling. 633 F.3d at 1261. We rejected this argument and elaborated that the petitioner could not show a "causal connection between the alleged extraordinary circumstances and the late filing of the petition." *Id.* at 1267. Therefore, we found that equitable tolling was not appropriate.

The exercise of a court's equity powers "must be made on a case-by-case basis." *Holland*, 130 S. Ct. at 2563. Here, Bell's petition presents a different set of circumstances. In the June 12 Order, the court cautioned Bell to "file any future motions through counsel, or the motions will be stricken." However, the court incorrectly assumed that Bell was represented by counsel at the time the order was issued; instead counsel was not appointed until September 3, 1998.

First we note that this court has explained "[i]t is unreasonable to expect a *pro se* litigant to second-guess or disregard an instruction in a written order of a court." *Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) (holding that equitable tolling was permissible when state court misled the petitioner). After the June 12 Order, Bell believed that he could not file any *pro se* motions with the

9

court. The record before us confirms Bell's reliance on the information provided in the court's order. After the June 12 Order, Bell did not file another *pro se* motion until his motion for full disclosure on March 19, 1999, and the state court promptly struck the motion because Bell filed the motion *pro se* while being represented by counsel. Although the district court found that Bell had the knowledge to file *pro se* motions, the issue here is not whether Bell had the knowledge to file *pro se* motions, but whether Bell followed the court order to his detriment. *See Spottsville*, 476 F.3d at 1245–46 (holding that even if petitioner was "an experienced *pro se* litigant who could have either avoided or discovered his error" that fact would be irrelevant if the petitioner followed the instructions of the state court). It is clear from the record that Bell relied on the June 12 Order prohibiting him from filing *pro se* motions to his detriment.

Ordinarily, a court's command that a defendant with counsel not file *pro se* motions would not be an extraordinary circumstance; however, in this case, the court incorrectly assumed that Bell was represented by collateral counsel. Due to unusual circumstances—the changes in Florida's collateral counsel appointment system and a severe backlog of inmates without appointed counsel—Bell was unable to file anything in state court from June 12, 1998 to September 3, 1998. Thus, this case is not a case of simple attorney negligence; it is more like our cases

10

in which we equitably tolled AEDPA's statute of limitations when the untimely filing was caused by erroneous information supplied to the prisoner by state courts. *See Spottsville*, 476 F.3d at 1243 (instructing petitioner to file appeal in the incorrect state court); *Knight v. Schofield*, 292 F.3d 709, 710 (11th Cir. 2002) (notifying the petitioner eighteen months after the decision was filed when the clerk promised petitioner that he would be promptly informed of the decision). Here, the court prematurely cautioned Bell to not file *pro se* motions nearly three months before he was represented by counsel, thus prohibiting Bell from filing any motions during those months, including an appeal of the denial of his 3.800(a) motion. Essentially, during the period he was not represented by counsel, Bell lost the ability to file any motion that would have effectively tolled AEDPA's statute of limitations. To count that time against him would be inequitable, and we thus find that this limited circumstance is extraordinary.

However, Bell must also show a nexus between the extraordinary circumstance and the late filing of his federal habeas petitions, s*ee San Martin*, 633 F.3d at 1270–71, and it is often the case that causation is more difficult for a petitioner to prove if an extraordinary circumstance occurs early in the statute of limitations period. *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011). Bell contends that he was prepared to file several motions during this time period and

11

that he lost his ability to appeal the denial of his *pro se* motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). However, Bell has supplied no evidence to support this assertion. Therefore, the record does not support the contention that Bell's inability to file any *pro se* motions from June 12 to September 3, 1998 prohibited him from timely filing his petition in May 1999. Because Bell cannot show causation, there is no need for us to discuss whether Bell showed reasonable diligence.

The district court correctly decided all four COAs and we, therefore, affirm.

**AFFIRMED.**