[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15738
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-01315-TWT

AMOS WESTMORELAND,

Petitioner-Appellant,

versus

WARDEN,
COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 30, 2016)

Before TJOFLAT, MARTIN, and JILL PRYOR, Circuit Judges.

MARTIN, Circuit Judge:

Amos Westmoreland appeals the dismissal of his pro se federal habeas

petition.  The District Court held that the petition was untimely based on the

limitations period in 28 U.S.C. § 2244(d)(1).  Mr. Westmoreland told the court that

his limitations period was tolled (which is to say paused) by the pendency of an extraordinary motion for new trial he filed in Georgia state court.  He also repeatedly asked the state to turn over a copy of this motion.  Each time Mr. Westmoreland asked, the state insisted that it had given the District Court all the records the court needed.  The court decided the issue without seeing Mr. Westmoreland's state-court motion.  This Court then granted a certificate of appealability (COA) on these issues:

(1) Whether the proper filing of a Georgia extraordinary motion for new trial tolls the time period for filing a 28 U.S.C. § 2254 petition, see 28 U.S.C. § 2244(d)(2); and if so, whether Westmoreland's Georgia extraordinary motion for new trial was properly filed; and

(2) If a Georgia extraordinary motion for new trial is a tolling motion under 28 U.S.C. § 2244(d)(2), and Westmoreland properly filed his extraordinary motion, whether the district court erred by dismissing his 28 U.S.C. § 2254 petition as time-barred.

After our Court granted this COA, the state acknowledged that it had been wrong all along.  The state now agrees that Mr. Westmoreland's petition is timely.  We agree too.  We thus reverse and remand.[1]

I.

---

[1] The state also filed a motion asking this Court to expand the appellate record to include Mr. Westmoreland's extraordinary motion for new trial and the order denying that motion, plus documents that purported to show Mr. Westmoreland's failure to exhaust state remedies.  We grant the motion as to the extraordinary motion for new trial (Exhibit 5) as well as the order denying the motion (Exhibit 6).  We deny it as to all the other exhibits because, as explained in part III, we are not addressing exhaustion at this time.

Mr. Westmoreland also filed a pro se motion for leave to file a reply brief out of time.  We grant this motion.

We review <u>de novo</u> a district court's dismissal of a habeas petition as untimely.  <u>Day v. Hall</u>, 528 F.3d 1315, 1316 (11th Cir. 2008) (per curiam).  Federal habeas petitions that challenge state-court judgments must be filed within a year of "the latest of" one of four triggering dates, including "the date on which the judgment became final."  28 U.S.C. § 2244(d)(1)(A).  This one-year limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  <u>Id.</u> § 2244(d)(2).  An application is considered "for" collateral review if it seeks "a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process."  <u>Wall v. Kholi</u>, 562 U.S. 545, 553, 131 S. Ct. 1278, 1285 (2011).  And an application is considered "properly filed" if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  <u>Artuz v. Bennett</u>, 531 U.S. 4, 8, 121 S. Ct. 361, 364 (2000).  Also, if a properly filed state application is denied, then the time for appealing this denial tolls the federal filing deadline.  See <u>Cramer v. Sec'y, Dep't of Corr.</u>, 461 F.3d 1380, 1383 (11th Cir. 2006) (per curiam).  This is true "regardless of whether the inmate actually files the notice of appeal."  <u>Id.</u>  So long as the applicant was allowed to appeal, the limitations period is tolled "until the time to seek review expires."  <u>Id.</u>

In Georgia, a motion for new trial filed more than 30 days after a judgment is entered is called an "extraordinary" motion for new trial.  O.C.G.A. § 5-5-41(b).

3

This Court has never decided whether a Georgia extraordinary motion for new trial is an application for collateral review, though we have said such a motion is "in the nature of a collateral proceeding." Mize v. Hall, 532 F.3d 1184, 1191 n.5 (11th Cir. 2008). And the Georgia Supreme Court has explained that an extraordinary motion for new trial is one of three ways to "challenge a conviction after it has been affirmed on direct appeal." Thomas v. State, 727 S.E.2d 123, 123 (Ga. 2012). (The other two are "a motion in arrest of judgment" and "a petition for habeas corpus." Id.) We thus hold that a Georgia extraordinary motion for new trial can be an "application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2).

## II.

Mr. Westmoreland's § 2254 petition is timely. Mr. Westmoreland's conviction became final on October 25, 2010. He thus had until October 25, 2011, to file his federal petition. Mr. Westmoreland properly filed an extraordinary motion for new trial in the Georgia trial court on May 2, 2011. This was a motion for collateral review, so while it was pending the one-year clock froze at 189 days (the number of days between October 25, 2010 and May 2, 2011). The state trial court denied the motion on the merits on June 9, 2011. Mr. Westmoreland had 30 days to appeal this denial. See O.C.G.A. § 5-6-35(d). This means the clock did not start again until at least July 9, 2011. Mr. Westmoreland then properly filed his

4

state habeas petition on October 28, 2011. This was 111 days after July 9. 189 plus 111 is 300, so his filing was within § 2244(d)'s one-year period and further tolled this period. Mr. Westmoreland then filed his federal petition on May 1, 2014, before his state petition was denied on June 27, 2014. This means he was still within his one-year time for filing when he filed his federal petition.

The District Court dismissed Mr. Westmoreland's petition without properly considering the effect of the extraordinary motion for new trial. The state bears much responsibility for this mistake. Shortly after Mr. Westmoreland filed his federal petition, the District Court ordered the state to file all "pleadings, transcripts and decisions as are available and required to determine the issues raised." The state responded by moving to dismiss the petition as untimely. Mr. Westmoreland then asked the court to order the state to make his extraordinary motion for new trial a part of the district court record. The state objected, claiming it had "already filed all relevant exhibits that are germane to resolving the issue of the timeliness of this petition." Mr. Westmoreland then filed a 28 U.S.C. § 2250 request for a copy of the same motion. The state again objected, repeating that it had "already filed all relevant exhibits that are germane to resolving the issue of the timeliness of this petition."

In this Court, the state reports that it "has examined the trial court's public record in Petitioner's criminal case and does not dispute Petitioner's contentions."

5

The state thus concedes that "the petition was timely filed" because the "one-year period should have been tolled while the extraordinary motion for new trial was pending in the Georgia courts." If the state had made this concession back in 2014, when Mr. Westmoreland repeatedly pointed the state's attention to his state-court motion, then the District Court would have had the means to decide the timeliness issue correctly the first time around. Instead, the state repeatedly told the District Court that it had given the court everything "germane to resolving" the timeliness issue, the District Court relied on this representation, Mr. Westmoreland was delayed two more years in prison, and this Court had to issue an apparently unnecessary COA and decide an unnecessary appeal.

## III.

Even with its admission that Mr. Westmoreland's federal petition is timely, the state says we should affirm the District Court anyway because Mr. Westmoreland failed to exhaust state remedies. The COA did not cover the exhaustion issue. To the contrary, the COA order expressly stated that, "should this Court ultimately conclude that [Mr. Westmoreland's] § 2254 petition was timely filed, the district court will determine any issues of exhaustion, procedural default, and cause and prejudice in the first instance." We thus decline the state's invitation to consider the exhaustion issue now. When considering the exhaustion issue on remand, the District Court must determine whether cause and prejudice

excuse any possible failure to exhaust.  If not, then the court must determine if a stay and abeyance is proper while Mr. Westmoreland exhausts state remedies.  See Rhines v. Weber, 544 U.S. 269, 277–78, 125 S. Ct. 1528, 1535 (2005).

**REVERSED AND REMANDED.**