[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 6, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16542

_____

D. C. Docket No. 04-00299-CV-MCR-MD

PAUL A. HOWELL,

Petitioner-Appellant,

versus

JAMES V. CROSBY,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 6, 2005)

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PRYOR, Circuit Judge:

The only issue in this appeal is whether the district court erred when it

dismissed as untimely the petition for a writ of habeas corpus filed by Paul A.

Howell, a Florida prisoner under a sentence of death. Howell concedes that he did

not file his petition within the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. section 2244(d)(1), but Howell argues that he is entitled to equitable tolling under section 2244(d)(2). Howell contends that the statute of limitations should be tolled because the private attorney appointed to represent Howell during his state postconviction proceedings failed to file a petition for state postconviction relief within one year after Howell's conviction and sentence became final. Because any negligence of Howell's attorney fails to satisfy either of the two prerequisites for equitable tolling, we affirm the dismissal of Howell's petition.

A Florida jury convicted Howell of making the pipe bomb that killed Florida State Trooper Jimmy Fulford. Howell's conviction and capital murder sentence became final on June 26, 1998, when the Supreme Court of the United States denied Howell's petition for a writ of certiorari. Howell v. State, 707 So. 2d 674 (Fla.), cert. denied, 524 U.S. 958, 118 S. Ct. 2381 (1998). Howell had one year within which he could file a petition for a writ of habeas corpus in a federal district court, but a "a properly filed application for State post-conviction or other collateral review" would have tolled the federal statute of limitations. 28 U.S.C. § 2244(d)(1)(A), (d)(2). On December 21, 1998, the Circuit Court of Jefferson County, Florida, appointed an attorney to represent Howell in his state

2

postconviction proceeding. On March 19, 1999, Howell's attorney filed a motion for an extension of time within which to file a petition for postconviction relief. That motion was granted, and Howell's attorney filed a state petition for postconviction relief on August 30, 1999, more than two months after the federal limitations period elapsed. It is undisputed that Howell's motion for an extension of time did not meet the criteria of section 2244(d)(2) as a "a properly filed application" for postconviction relief. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361, 364 (2000) ("an application" for state postconviction relief "is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings"); State v. Boyd, 846 So. 2d 458, 459-60 (Fla. 2003) (distinguishing motions for extensions of time, under Fla. R. Crim. P. 3.050, and those for postconviction relief, under Fla. R. Crim. P. 3.850).

Howell must rely on equitable tolling, "an extraordinary remedy which is typically applied sparingly," Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), to have his federal habeas petition considered. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). "This Court reviews de novo a district court's determination that a petition for federal habeas corpus relief is

3

time-barred." Nix v. Sec'y for the Dep't of Corrs., 393 F.3d 1235, 1236 (11th Cir. 2004). "We also review a district court's legal decision on equitable tolling de novo. However, the district court's determinations of the relevant facts will be reversed only if clearly erroneous." Drew v. Dep't of Corrs., 297 F.3d 1278, 1283 (11th Cir. 2002) (internal citations omitted). Whether a petitioner was diligent is a finding of fact. Id.

Howell's argument for equitable tolling fails. Howell was not a victim of extraordinary circumstances beyond his control, and the district court did not commit clear error when it determined that Howell was not diligent. As we concluded in Sandvik, Steed, and Helton v. Secretary for the Department of Corrections, 259 F.3d 1310, 1313 (11th Cir. 2001), attorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline. The dismissal of Howell's petition as untimely by the district court is, therefore,

**AFFIRMED.**