**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

**No. 05-11344**
**Non-Argument Calendar**

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 25, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00283-CV-CB-L

PAT CHAREST,

                                                        Petitioner-Appellant,

versus

TROY KING,
STATE OF ALABAMA,
Dept. of Corrections,
WARDEN JERRY FERRELL,

                                                        Respondents-Appellees.

_____

**Appeal from the United States District Court**
**for the Southern District of Alabama**

_____

**(November 25, 2005)**

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Pat Charest, an Alabama state prisoner, appeals the district court's dismissal of his habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, as time-barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, 28 U.S.C. § 2244(d)(1). We granted a Certificate of Appealability ("COA") on the following issue: "[w]hether the district court properly determined that appellant was not entitled to the equitable tolling of 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations."[1] On appeal, Charest concedes that he did not file his petition within AEDPA's one-year statute of limitations, but argues that he is entitled to equitable tolling under 28 U.S.C. § 2244(d)(2). Charest asserts that the statute of limitations should be tolled because his state habeas attorney failed to file a timely petition for state postconviction relief. After careful review, we affirm.

"This Court reviews de novo a district court's determination that a petition for federal habeas corpus relief is time-barred." Nix v. Sec'y for the Dep't of Corr., 393 F.3d 1235, 1236 (11th Cir. 2004). We likewise review de novo the district court's decision to deny equitable tolling. See Drew v. Dep't of Corr., 297 F.3d

---

[1] Under the AEDPA, appellate review is limited to the issues specified in the COA. See 28 U.S.C. § 2253(c); Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998). Thus, to the extent that Charest raises claims beyond the issue on which we granted a COA, those claims are not properly before us, and we will not review them. See id.

1278, 1283 (11th Cir. 2002). However, we will reverse the district court's factual determinations only if they are clearly erroneous. Id. The district court's finding on whether a party was diligent in ascertaining the federal habeas filing deadline is a finding of fact and, thus, will be reversed only for clear error. Id. "This standard requires us to affirm a district court's findings of fact unless the record lacks substantial evidence to support that determination." Id. (internal quotation marks and citation omitted).

Charest filed the instant habeas petition on May 8, 2003, seeking to challenge the validity of his state court convictions and two consecutive life-term sentences, which became final on February 6, 1996, for first-degree rape, first-degree sodomy, and causing the delinquency or dependency of a child or causing a child to be in need of supervision. Absent tolling, the limitations period would have expired one year from the April 24, 1996 effective date of the AEDPA, or on April 24, 1997. See Wilcox v. Fla. Dept. of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (holding that § 2254 petitions of prisoners whose convictions became final before the passage of the AEDPA are timely if filed within one year from the AEDPA's effective date). The district court dismissed the petition as time-barred, rejecting Charest's argument that his attorney's delayed filing of a state post-

conviction motion warranted equitable tolling of the AEDPA's one-year limitations period. This appeal followed.

The AEDPA's one-year limitations period can be equitably tolled where a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (quotation omitted). However, this remedy is extraordinary and is applied sparingly. Id. "Equitable tolling is limited to rare and exceptional circumstances, such as when the State's conduct prevents the petitioner from timely filing." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). The petitioner bears the burden of showing that equitable tolling is warranted. Drew, 297 F.3d at 1286. Thus, Charest's burden is to show extraordinary circumstances that were both beyond his control and unavoidable even with his own exercise of diligence.

We have considered the instant issue on numerous occasions and consistently held that equitable tolling is not justified by mere attorney negligence, where the petitioner has not exercised his own due diligence. See Steed, 219 F.3d at 1300 ("An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling."); see also Helton v. Sec. for the Dep't of Corr., 259

4

F.3d 1310, (11th Cir. 2001) (holding equitable tolling was not warranted where counsel misadvised client as to the deadline to file a habeas petition); Sandvick v. United States, 177 F.3d 1269, 1271-72 (11th Cir. 1999) (holding equitable tolling was not justified where attorney filed a habeas petition five days late because he sent it by ordinary mail). Attorney negligence is especially inadequate when, as here, a petitioner cannot show his own diligence in ascertaining the filing deadline for his federal habeas petition. See Howell v. Crosby, 415 F.2d 1250, 1252 (11th Cir. 2005), petition for cert. filed, No. 05-7406 (Oct. 28, 2005); see also Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 458, 112 L. Ed. 2d 435 (1990) (stating that the Court has allowed equitable tolling in situations where complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass); compare Knight v. Schofield, 292 F.3d 709, 710 (11th Cir. 2002) (petitioner was entitled to equitable tolling based on both exercise of due diligence and circumstances beyond his control).

On this record, we discern no clear error in the district court's determination that Charest did not exercise the level of due diligence necessary to invoke equitable tolling of the AEDPA's limitations period. Accordingly, we affirm the dismissal of Charest's habeas petition.

**AFFIRMED.**