Justo L. **CINTRON–BOGLIO**,
Petitioner,

v.

**UNITED STATES of America**,
Respondent.

**Civil No. 13–1225 (DRD).**

United States District Court,
D. Puerto Rico.

Signed Dec. 23, 2014.

Justo L. Cintron–Boglio, Coleman, FL, for Petitioner.

Nelson J. Perez–Sosa, U.S. Attorney's Office, San Juan, PR, for Respondent.

## *OPINION AND ORDER*

DANIEL R. DOMÍNGUEZ, District Judge.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 18, 2013, Petitioner Justo L. Cintron–Boglio filed a *Motion to Vacate, Set Aside, or Correct* his sentence under 28 U.S.C. § 2255 (Docket No. 1) arguing that his counsel was ineffective "for not addressing the Fair Sentencing Act at [Petitioner's] resentencing ... [nor raising] any mitigating factors under 3553 post rehabil-

itation of [petitioner] while incarcerated." *Id.* at 15. Petitioner further argues that, as a result, the Court's sentence was excessive. *Id.*

On April 22, 2013, the Court referred the instant motion to Magistrate Judge Justo Arenas who entered an *Opinion and Order* (943 F.Supp.2d 292) on May 6, 2013. Therein, Magistrate Judge Arenas recommended that Petitioner's *Motion to Vacate, Set Aside, or Correct Sentence* (Docket No. 1) be denied finding that the petition is time-barred. 943 F.Supp.2d at 299.

On June 17, 2013, Petitioner filed a *Motion for Reconsideration Pursuant to Rule 59(e)* (Docket No. 12) objecting to the Magistrate's findings that the instant matter is time-barred, and claiming that the statute of limitations should be equitably tolled in his favor. *See* Docket No. 12 at 9.

## II. REFERRAL TO THE MAGISTRATE JUDGE

 The Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See* FED.R.CIV.P. 72(b); *see also* Local Rule 72(a); *Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). An adversely affected party may contest the Magistrate's Report and Recommendation by filing its objections. FED.R.CIV.P. 72(b). Moreover, 28 U.S.C. § 636(b)(1), in pertinent part, provides that

> any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate.

"Absent objection, ... [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985), *cert. denied,* 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). Additionally, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded upon appeal." *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir. 1992); *see Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–51 (1st Cir.1994) (holding that objections are required when challenging findings actually set out in a magistrate's recommendation, as well as the magistrate's failure to make additional findings); *see also Lewry v. Town of Standish,* 984 F.2d 25, 27 (1st Cir.1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *Borden v. Sec. of H.H.S.,* 836 F.2d 4, 6 (1st Cir.1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised").

 The Court, in order to accept unopposed portions of the Magistrate Judge's Report and Recommendation, need only satisfy itself that there is no "plain error" on the face of the record. *See Douglass v. United Servs. Auto., Ass'n,* 79 F.3d 1415, 1419 (5th Cir.1996) (*en banc*)(extending the deferential "plain error" standard of review to the un-objected to legal conclusions of a magistrate judge); *see also Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir.1982) (en banc)(appeal from district court's acceptance of un-objected to findings of magistrate judge reviewed for "plain error"); *see also Nogueras–Cartagena v. United States,* 172 F.Supp.2d 296,

305 (D.P.R.2001) (finding that the "Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED. R.CIV.P. 72(b)); *see also Garcia v. I.N.S.,* 733 F.Supp. 1554, 1555 (M.D.Pa.1990) (finding that "when no objections are filed, the district court need only review the record for plain error").

In the instant case, both parties have filed objections to the Magistrate Judge's *Opinion and Order* (hereinafter "Report and Recommendation"; Docket Nos. 11 and 12). However, the Court will only address the objections raised by Petitioner (Docket No. 12).[1] Thus, the Court reviews the portions of the *Report and Recommendation* to which objections were made *de novo* and reviews all other unobjected-to portions only for plain error.

After a careful analysis, the Court finds no "plain error" in the unobjected-to "Factual and Procedural Background" section of the Magistrate Judge's *Report and Recommendation*. Thus, rather than repeating the procedural history and the set of facts that pertain to the instant case in their entirety, the Court hereby **ACCEPTS, ADOPTS AND INCORPORATES** by reference the Magistrate Judge's findings of fact *in toto*, noting particularly that they remain unchallenged.

### III. ANALYSIS

■ A prisoner seeking post-conviction relief under 28 U.S.C. § 2255 bears the burden of showing his or her entitlement to the requested form of relief. *David v. United States,* 134 F.3d 470, 474 (1st Cir. 1998); *see also Cody v. United States,* 249 F.3d 47, 54 (1st Cir.2001) (quoting *United States v. McGill,* 11 F.3d 223, 225 (1st Cir.1993)). Under § 2255, a federal prisoner may move for post-conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack....

28 U.S.C. § 2255(a); *Hill v. United States,* 368 U.S. 424, 426–27 n. 3, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

### Ineffective Assistance of Counsel

In his *Motion for Reconsideration* (Docket No. 12)[2] Petitioner argues that "... when a liberty interest is at stake the Due Process Clause guarantees the help of a skilled counsel." *Id.* at 3. Petitioner argues that he was constructively denied counsel when his latest attorney failed to consult with him before stipulating to the imposition of a reduced criminal sentence on May 17, 2012, nearly two years after Petitioner was sentenced. (Docket No. 1 at 4, ¶ 12). Petitioner further avers that he was constructively denied counsel during the resentencing when counsel failed to prepare and submit a sentencing memorandum which would have shown post-arrest rehabilitation. (Docket No. 1 at 5).

■ Setting aside the untimeliness of the instant petition, Petitioner's motion

---

1. The Court notes that Respondents have filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(4) (Docket No. 11) asking the court to vacate the Magistrate Judge's *Opinion and Order* (943 F.Supp.2d 292) and convert it into a report and recommendation. The Court hereby assures Respondent that the Magistrate Judge's *Opinion and Order* will be treated as a *Report and Recommendation* for the purposes of the instant *Opinion and Order*.

2. The Court treated Petitioner's *Motion for Reconsideration* (Docket No. 12) as an objection to Magistrate Arenas' *Report and Recommendation* (943 F.Supp.2d 292).

fails on the merits as Petitioner has no right to counsel in this post-conviction proceeding and, thus, he cannot claim he received constitutionally ineffective assistance of counsel during this proceeding. *Beauchamp v. Murphy*, 52 F.3d 309 (1st Cir.1995) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). Therefore, the Court needs not conduct the two-pronged *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[3]

### Statute of Limitations

 There is a period of one year from the date when a prisoner's conviction became final within which to seek federal habeas relief. *See* 28 U.S.C. § 2255, ¶ 6; *see also Pratt v. United States*, 129 F.3d 54, 58 (1st Cir.1997). In the case at bar, Petitioner was sentenced to 120 months in a federal penitentiary on August 18, 2010. *See* Criminal 08–204, Docket No. 4172. On May 14, 2012, the Court entered an *Order* (Criminal 08–204, Docket No. 4948) reducing Petitioner's sentence to 97 months based on the new sentencing guidelines for crack cocaine convictions under 18 U.S.C. § 3582. However, the modification of a sentence is not a full resentencing and,

thus, does not toll the statute of limitations. *See Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2692, 177 L.Ed.2d 271 (2010). Section 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, Section 3582(c)(2) modifies the term of imprisonment by vesting the Court with the authority to " 'reduce' an otherwise final sentence in circumstances specified by the Commission." *Id.* at 2690; *see United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005). Thus, the date of final conviction remains intact for purposes of § 2255 review.

 As the instant petition was filed well over a year from the date petitioner's sentence became final and unappealable, Petitioner's sole avenue for relief would be for the Court to equitably toll the limitations period. Nevertheless, the petition does not describe any circumstances that fall within any of the exceptions which would equitably toll the limitations period of the statute. *See e.g. Ramos–Martinez v. United States*, 638 F.3d 315, 321–24 (1st Cir.2011).[4] Rather, as Magistrate Arenas thoroughly explained, petitioner incorrectly relies exclusively on *Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 177

---

**3.** Under the *Strickland* test, Petitioner has the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 1482, 176 L.Ed.2d 284 (2010) (quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052); *see Argencourt v. United States*, 78 F.3d 14, 16 (1st Cir.1996); *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir.1994); *Lema v. United States*, 987 F.2d 48, 51 (1st Cir.1993); *López–Nieves v. United States*, 917 F.2d 645, 648 (1st Cir.1990) (citing *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052). There is no doubt that *Strickland* also applies to representation outside of the trial setting, which would include plea bargains, sentence and appeal. *See Mis-*

*souri v. Frye*, —— U.S. ——, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012); *Lafler v. Cooper*, —— U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012); *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Bonneau v. United States*, 961 F.2d 17, 20–22 (1st Cir.1992); *United States v. Tajeddini*, 945 F.2d 458, 468–69 (1st Cir.1991) (abrogated on other grounds by *Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)); *cf. Panzardi–Álvarez v. United States*, 879 F.2d 975, 982 (1st Cir.1989); *López–Torres v. United States*, 876 F.2d 4, 5 (1st Cir.1989) (abrogated on other grounds by *Bonneau v. United States*, 961 F.2d 17 (1st Cir.1992)).

**4.** As the First Circuit has explained, counsel's errors in calculating the time limits or advising a petitioner of the appropriate filing dead-

382

L.Ed.2d 592 (2010), in claiming that the petition has been filed in a timely manner. *See* 943 F.Supp.2d at 298–99. In Magistrate Arenas' words, "the complex and fragmented procedural history in *Magwood* can hardly be considered analogous to the background of the present case." *Id.* Therefore, as the instant motion was filed two and a half years after Petitioner's conviction became final, the petition is time-barred.

## IV. CONCLUSION

For the reasons elucidated above, the Court determines that Magistrate Judge Arenas' *Report and Recommendation* (Docket No. 33) contains no plain error as to the unobjected-to portions and that upon a de novo review of the objected-to portions, the Court reaches the same conclusions as the Magistrate. Therefore, the Court **ADOPTS** the *Report and Recommendation* **IN TOTO** and **DENIES** Petitioner's *Motion to Vacate, Set Aside or Correct Sentence* (Docket No. 1).

It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional or statutory right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

lines do not constitute extraordinary circumstances warranting equitable tolling. *See, Cordle v. Guarino,* 428 F.3d 46, 48 (1st Cir. 2005);see also *Howell v. Crosby,* 415 F.3d 1250, 1252 (11th Cir.2005) (stating that "attorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline"); *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000) (equitable tolling not warranted where coun-

sel erroneously advised petitioner of the filing deadline due to a misreading of the statute); *Dunker v. Bissonnette,* 154 F.Supp.2d 95, 107 (D.Mass.2001) (stating that usually, attorney errors are attributed to their clients). Furthermore, In his own words, petitioner was well aware as early as March 18, 2011, well within the limitations period, that he had some good arguments to support a motion under 28 U.S.C. § 2255. (Crim. No. 08–204, Docket No. 4378 at 8, ¶ 3).