[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12981
Non-Argument Calendar
_____

D.C. Docket No. 6:18-cv-00759-RBD-GJK

ASHLEY L. DUNN,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 1, 2020)

Before MARTIN, ROSENBAUM and MARCUS, Circuit Judges.

PER CURIAM:

Ashley Dunn, a Florida prisoner proceeding pro se, appeals from the district

court's dismissal of her 28 U.S.C § 2254 petition as untimely.  A certificate of

appealability was granted on the issue of whether the district court erred in

concluding that Dunn's § 2254 petition was not entitled to equitable tolling when she claimed reliance on the state order holding her Fla. R. Crim. P. 3.850 motion in abeyance. On appeal, she argues that her petition is entitled to tolling because she reasonably relied on the state court's holding of her Rule 3.850 motion in abeyance as assurance that her federal time was being tolled. After careful review, we affirm.

We review a district court's dismissal of a § 2254 petition as untimely de novo. Pugh v. Smith, 465 F.3d 1295, 1298 (11th Cir. 2006). We also review de novo a district court's legal decision on the application of equitable tolling. San Martin v. McNeil, 633 F.3d 1257, 1265 (11th Cir. 2011). However, we review for clear error a district court's determination of the relevant facts, including those related to a petitioner's diligence and whether extraordinary circumstances stood in her way. Id. at 1265, 1269. Thus, "we must affirm a district court's findings of fact unless the record lacks substantial evidence to support them." Id. at 1265 (quotations omitted). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." Id. at 1268.

The relevant facts are these. In August 2013, Dunn was sentenced to life without the possibility of parole for first-degree murder with a firearm (Count 1), in violation of Fla. Stat. §§ 775.087 and 782.04(1), and thirty years' imprisonment for arson of a dwelling (Count 2), in violation of Fla. Stat. § 806.01(1)(a). The Florida

2

Fifth District Court of Appeal ("Fifth DCA") affirmed her sentences and convictions on August 19, 2014, and issued its mandate on September 12, 2014.

On September 10, 2015, Dunn filed a pro se Fla. R. Crim. P. 3.850 motion, titled "Motion for Post-Conviction Relief with Special Request to Temporarily Hold Proceedings in Abeyance," in which she asserted, without any argument, that her convictions were obtained in violation of the Sixth and Fourteenth Amendments. She added that the incongruity between Florida's two-year deadline for filing for postconviction relief and the federal one-year deadline was illogical and prejudiced her because she was entitled to an extra full year of investigation and preparation under Florida law. She asked the state court to hold her motion in abeyance until she filed an amended Rule 3.850 motion. The state court found that Dunn's motion did not present any claims for relief and did not toll Rule 3.850's two-year statute of limitations, but granted her request for an abeyance, noting that it would not rule on the sufficiency of her postconviction motion "at this time" and that she must "file a facially sufficient" motion by September 12, 2016 "to avoid a procedural bar."

On September 7, 2016, Dunn filed an amended Rule 3.850 motion, which was subsequently amended for a second time. The state court ultimately denied the motion on the merits on June 23, 2017. The Fifth DCA affirmed and issued its mandate on April 30, 2018.

3

On May 11, 2018, Dunn filed the instant pro se § 2254 petition, raising the same 13 claims of ineffective assistance of counsel that she brought in her amended Rule 3.850 motion. The state responded that Dunn's § 2254 petition was untimely because the one-year limitation period had expired on November 16, 2015, and her September 2015 motion had not tolled her time. The district court denied Dunn's petition as untimely, agreeing with the state. This timely appeal followed.

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a § 2254 petition is governed by a one-year statute of limitations that begins to run on the latest of four triggering events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). For purposes of § 2244(d)(1)(A), a state prisoner's conviction becomes final when the U.S. Supreme Court denies certiorari or issues a

4

decision on the merits, or when the 90-day period in which to file a certiorari petition expires.  Bond v. Moore, 309 F.3d 770, 773-74 (11th Cir. 2002).

The one-year limitation period for filing a § 2254 petition is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  To qualify as an "application for State post-conviction or other collateral review," a pleading actually must seek "review" by making a good faith request for legal relief from the court.  Sibley v. Culliver, 377 F.3d 1196, 1200 (11th Cir. 2004).  Therefore, a state habeas petition must: (1) set forth the grounds upon which it is based; (2) state the relief desired; (3) attack the relevant conviction or sentence; and (4) "contain something vaguely approaching legitimate, relevant, coherent legal analysis," whether grounded in state or federal law.  Id.  An application is pending, for purposes of § 2244(d)(2), between when it is properly filed and when it has received a final resolution under the state court's postconviction procedures.  Cramer v. Sec'y, Dep't. of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Thus, time remains tolled until the state appellate court has issued its mandate or the state supreme court denies review.  Lawrence v. Florida, 549 U.S. 327, 332 (2007).

If a prisoner files an untimely § 2254 petition, the district court may still review it if the petitioner demonstrates that she is entitled to equitable tolling by showing that: (1) she has pursued her rights diligently, and (2) an extraordinary

5

circumstance prevented her from filing a timely petition. Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). We've characterized the equitable-tolling standard as a two-part test, stating that "equitable tolling is available only if a petitioner establishes both extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004) (emphasis omitted). Thus, courts need not consider whether extraordinary circumstances exist if a petitioner's delay in filing the federal habeas petition exhibits a lack of due diligence. Id. at 702 & n.7.

"[E]quitable tolling is an extraordinary remedy [that] is limited to rare and exceptional circumstances and typically applied sparingly." Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (quotations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" San Martin, 633 F.3d at 1267. As to the "extraordinary circumstances" requirement, the petitioner must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition. Id.

Our "precedent provides that federal habeas petitioners who rely upon the timeliness of state post-conviction proceedings to satisfy the requirement of AEDPA do so at their peril." Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1333 (11th Cir. 2008); see also Howell v. Crosby, 415 F.3d 1250, 1251-52 (11th Cir. 2005) (holding that a federal habeas petitioner is not entitled to equitable tolling merely because the state court granted an extension of time to file his state postconviction petitions). In

6

Tinker v. Moore, we rejected a petitioner's argument that § 2244(d) forced him to make an "impermissible choice" between seeking Florida or federal habeas relief. 255 F.3d 1331, 1334-35 (11th Cir. 2001). We reasoned that he did not have to forego his state remedy in order to avail himself of the federal remedy, but was only required to "exercise [his state remedy] within one year of the date his judgment became final and do so in a manner that leaves him sufficient time to timely file his federal petition." Id.

In Akins v. United States, a movant argued for equitable tolling of his 28 U.S.C. § 2255 motion because (1) he was subjected to lockdowns in jail for several months, during which he could not access the law library, and (2) prison officials misplaced his legal papers for a period of time. 204 F.3d 1086, 1089-90 (11th Cir. 2000). After noting that the movant had ample time (including four years before Congress adopted the AEDPA one-year period of limitation) to file his motion when these impediments did not exist, we declined to apply equitable tolling, determining that he had "failed to demonstrate that the untimely filing of his motion was due to extraordinary circumstances that were both beyond his control and unavoidable even with diligence." Id. at 1090.

Similarly, in Dodd v. United States, a movant argued that he was entitled to equitable tolling of his § 2255 motion because he was transferred to a different facility and detained there for over ten months without access to his legal papers.

7

365 F.3d 1273, 1282-83 (11th Cir. 2004).  We declined to apply equitable tolling, determining that such circumstances were not extraordinary and the movant did not establish due diligence because he had nearly five months with no impediments to prepare his motion and presented no evidence that "he made any request to have his papers delivered to him, attempted to contact counsel to assist him with timely filing his motion, or otherwise undertook any action that would suggest reasonable diligence under the circumstances."  Id.  at 1283 (footnoted omitted).

On the other hand, we've recognized that equitable tolling may be warranted when a government official has misled a petitioner.  Spottsville v. Terry, 476 F.3d 1241, 1245 (11th Cir. 2007).  In Spottsville, for example, the petitioner had followed the incorrect filing instructions issued to him in a Georgia superior court order and improperly filed the necessary documents to appeal the denial of his state habeas petition in the superior court, rather than the Georgia Supreme Court.  Id. at 1243. The petitioner then filed a § 2254 petition, which the district court dismissed as untimely because it found no statutory tolling on the ground that the appeal documents were not "properly filed."  Id.  We held that the petitioner was entitled to equitable tolling for the time when his appeal documents were in the wrong court, noting that (1) the petitioner had followed the state court order's instructions "to the letter" by filing his papers in the superior court; (2) "it [was] unreasonable to expect

8

a <u>pro se</u> litigant to second-guess or disregard an instruction in a written order of a court"; and (3) the petitioner had diligently filed his § 2254 petition. <u>Id</u>. at 1245-46.

Similarly, in <u>Knight v. Schofield</u>, a clerk of the Georgia Supreme Court had assured a petitioner that he would be notified when the court ruled on his state habeas petition. 292 F.3d 709, 710 (11th Cir. 2002). When the court ruled, it sent the notice to the wrong person and failed to notify Knight, and the AEDPA's one-year limitation period lapsed while he was waiting. <u>Id</u>. We held that the petitioner was entitled to equitable tolling until the date he actually received notice of the final disposition of his state application because the clerk had assured him he would receive notice of its decision and, when the court failed to provide notice, he exercised diligence in inquiring about the status of his case. <u>Id</u>. at 711. We added that, while equitable tolling applied in this case, each case turns on its own facts. <u>Id</u>.

Addressing the preliminary issue of statutory tolling first, we conclude that the district court did not err in finding that Dunn's § 2254 petition was not subject to statutory tolling from September 2015. As the record reveals, regardless of whether Dunn's September 2015 motion was "properly filed," the court did not err in finding that it was not an "application" for state postconviction relief. Dunn's September 2015 motion merely asserted that her convictions were obtained in violation of her Sixth and Fourth Amendment rights without containing any argument, caselaw, or legal analysis to that point. Thus, rather than being a properly

9

filed application for postconviction relief that needed to be amended, the motion was insufficient to qualify as an "application" for state postconviction relief at all. See Sibley, 377 F.3d at 1200. Accordingly, the district court properly found that Dunn's September 2015 motion did not statutorily toll the one-year limitation period under § 2244(d)(2). See 28 U.S.C. § 2244(d)(2).

Nor did the district court err in finding that Dunn was not entitled to equitable tolling since she had failed to demonstrate extraordinary circumstances or due diligence. As the record reflects, Dunn intentionally tried to toll her federal one-year limitation period by filing a placeholder motion in order to take advantage of Florida's two-year limitation period, which is directly contrary to this Court's holding in Tinker, 255 F.3d at 1334-35. Thus, even if she was misled by the state court's order holding her motion in abeyance, her reliance on the timeliness of her state postconviction proceedings to satisfy the AEDPA's requirements was at her own peril and, consequently, did not constitute an extraordinary circumstance beyond her control that warrants equitable tolling. See Johnson, 513 F.3d at 1333; Howell, 415 F.3d at 1251 52.

Moreover, the district court did not clearly err in finding that Dunn was not diligent. Diaz, 362 F.3d at 702 & n.7. As in Dodd, Dunn has presented no evidence that, before she asked the state court to hold her motion in abeyance, she attempted to contact counsel to assist her with timely filing a Rule 3.850 motion or otherwise

10

undertook any action to timely file the motion that would suggest reasonable diligence.  Dodd, 365 F.3d at 1283.  While she later asserted in her federal proceedings that there were not enough law clerks to assist her and that she had limited access to the law library, we've previously found that even a complete lack of access to a law library for several months was not enough to excuse a lack of diligence.  Akins, 204 F.3d at 1089-90.  Therefore, Dunn has not met her burden of showing that it was unavoidable even with due diligence.  See San Martin, 633 F.3d at 1268.  Accordingly, her petition was not subject to tolling, and we affirm.

**AFFIRMED**.